CARROLL, CHAS., Chief Judge.
This is an appeal from an order striking an amended equity complaint for sham, and dismissing the cause “with prejudice.”
The appellant, plaintiff below, had alleged that the McGuires and Lily Boyd, by false and fraudulent representations, induced her to make a loan of $10,000 to Boyd, secured by a second mortgage on property then owned by the McGuires and which was to be purchased from them by Boyd. Title to the property was taken by Boyd in a nominee, the appellee Kendall Guest House, Inc., which executed a purchase money mortgage to the McGuires and executed the second mortgage to appellant. The fraud claimed was alleged misrepresentation as to the amount being paid by Boyd to the McGuires for the property, and as to the value of the property and of the security. The McGuires’ mortgage went into default and they foreclosed, joining appellant as the holder of the second mortgage. Appellant was served with process but filed no defense. Foreclosure decree was entered, sale was had, and the property was bought in by the McGuires. Appellant moved to prevent confirmation of sale, and her motion was denied.
In the present suit appellant sought to recover damages of $12,000 from the Mc-Guires and Boyd, and sought to impress a constructive trust against the property as held by the McGuires, “to the extent of the monies they received from the proceeds of the loan which the plaintiff made to the defendants * *
In an effort to avoid the effect of her failure to plead her claimed defense in the foreclosure suit, appellant alleged in her amended complaint in the instant case that she had not discovered the fraud until after the time to answer in the foreclosure suit. The McGuires and Boyd moved to strike the amended complaint and particularly that allegation, for sham, on the ground that it was established that appellant had earlier notice of the facts claimed to constitute fraud on her. Their motion to strike for sham was supported by evidentiary matter which established that fact as contended for by defendants. Therefore, the court correctly struck the complaint for sham.
After striking the complaint seeking a constructive trust, the decree recited that the court “offered to transfer the cause to the law side of the court, but the plaintiff having declined such offer, this cause is hereby dismissed with prejudice.” In so holding, the learned chancellor was in error. When a court concludes that a cause of action asserted in equity should have been filed at law, it is the duty of the chancellor to order the transfer to the law side of the court, under rule 1.39(a) of 1954 Fla.Rules Civ.Rroc., 30 F.S.A., which provides in part: “If at any time it appears that an action has been commenced either in equity or at law when it should have been brought on the opposite side of the court it shall be forthwith transferred to the proper side and proceeded with without interruption. * * * ” See Commercial Engineering & Contracting Co. v. Beals, Fla.App. 1958, 99 So.2d 882.
The making of the transfer should not be controlled by its approval or disapproval by the plaintiff in the suit. When a plaintiff has chosen to seek relief in equity, such a plaintiff may be expected to resist transfer to the law side.
On our remand of this cause, a question for initial determination by the trial court will be whether, by failure to *448 file a counterclaim against the McGuires in their foreclosure suit, the appellant shall be considered to have waived not only her claim of a constructive trust but also her legal claim for money damages against the McGuires. See rule 1.13(1), 1954 Fla. Rules Civ.Proc., and the author’s comment thereon, 30 F.S.A. 353. The appellant was not under any compulsion to assert her legal claim against her codefend-ant Boyd in the foreclosure suit, and her failure to do so would appear not to waive a right to maintain a separate action against Boyd. See rule 1.13(7), 1954 Fla.Rules Civ.Proc.
Accordingly, the portion of the decree by which the cause was dismissed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part.
HORTON and PEARSON, JJ., concur.