BARKDULL, Judge.
The appellants, plaintiffs in the trial court [who brought an action sounding in tort alleging fraud in connection with the taking of a second mortgage to secure a loan], seek review of an adverse summary judgment wherein the trial judge said the following:
******
“This Court having concluded that this action involves only a question of law; namely, whether the claim asserted herein is such as would constitute a compulsory counterclaim in the mortgage foreclosure action heretofore brought * * * ”
******
Upon this appeal, they urge error in that the claim in the instant matter was not one that arose out of an occurrence or transaction which was the subject of a prior mortgage foreclosure and, therefore, was not one of a compulsory nature and subject to the provisions of Rule 1.13(a), Florida Rules of Civil Procedure, 30 F.S.A. They rely upon the following authority for reversal: Metropolitan Casualty Ins. Co. of New York v. Walker, 151 Fla. 314, 9 So.2d 361. In response, the appellee relies heavily upon the opinion of this court in Sarkady v. McGuire, Fla.App.1959, 113 So.2d 446, which held in effect that the action of a second mortgagee against the holder of a purchase money first mortgage and the mortgagors thereof was required to urge a fraud action by a compulsory counterclaim in the mortgage foreclosure action.
If the second mortgage in the instant action had arisen at the same time as the execution of the first mortgage and if it had been a part of the overall transaction [as in the case of Sarkady v. McGuire, supra], we would hold this case is controlling. However, it is obvious that the second mortgage in the instant action, arising some three years after the execution of the first mortgage, was in no way related to the original transaction nor was the original transaction dependent on the execution of the second mortgage as it apparently was in the case of Sarkady v. McGuire, supra.
Although the appellants, as defendants in the mortgage proceedings brought by the Columbia Federal Savings and Loan Association of Miami Shores, might have had several different permissive counterclaims, they did not have a compulsory counterclaim and, therefore, the trial judge was in error in the entry of the summary judgment here under review and the same is hereby reversed.
Reversed and remanded for further proceedings not inconsistent herewith.