303 So.2d 71 (1974)
Royce S. BOURNAZIAN and Linda Bournazian, Appellants,
v.
STUYVESANT INSURANCE COMPANY, a Corporation, et al., Appellees.
No. 73-945.
District Court of Appeal of Florida, Second District.
November 13, 1974.
*72 Wagner, Cunningham, Vaughan, Hapner & May, Tampa, and Podhurst, Orseck & Parks, Miami, for appellants.
Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
GRIMES, Judge.
In Hoffman v. Jones, Fla. 1973, 280 So.2d 431, at page 439, the Florida Supreme Court said:
"In the usual situation where the negligence of the plaintiff is at issue, as well as that of the defendant, there will undoubtedly be a counterclaim filed. The cross-plaintiff (just as plaintiff in the main suit) guilty of some degree of negligence would be entitled to a verdict awarding him such damages as in the jury's judgment were proportionate with his negligence and the negligence of cross-defendant. This could result in two verdicts  one for plaintiff and one for cross-plaintiff. In such event the Court should enter one judgment in favor of the party receiving the larger verdict, the amount of which should be the difference between the two verdicts. This is in keeping with the long recognized principles of `set off' in contract litigation. The Court's primary responsibility is to enter a judgment which reflects the true intent of the jury, as expressed in its verdict or verdicts."
The instant appeal involves the application of this setoff principle.
The case resulted from an accident involving an automobile owned and driven by Royce Bournazian and an automobile owned by Paul Riley and driven by his wife, Betty Riley. Royce brought suit for his injuries against Paul and Betty and Stuyvesant Insurance Company, the liability insurer of Paul's automobile. Linda Bournazian joined as a plaintiff to make a derivative claim predicated upon the injuries to her husband. Paul and Betty counterclaimed against Royce and his liability insurer, Allstate Insurance Company, seeking damages for Betty's injuries and for Paul's resulting derivative claim. The following personal injury verdicts were returned:[1]
"We the jury find for the plaintiff, Royce S. Bournazian and Linda Bournazian, his wife, and against the defendants, Stuyvesant Insurance Company, Paul N. Riley, and Betty Holbert Riley and assess their damages, Royce S. Bournazian, $8,500. Linda Bournazian, $1,500.
We the jury find for Paul N. Riley and Betty Holbert Riley on their Counterclaim against Royce S. Bournazian and Allstate Insurance Company and assess damages for Paul N. Riley in the amount of $1,000 and for Betty Holbert Riley in the amount of $19,000."
In rendering the final judgment, the court set off the total of the personal injury verdicts entered for one side against the total of the personal injury verdicts entered for the other side. Hence, the cumulative award of $10,000 to Royce and Linda was subtracted from the cumulative award of $20,000 to Paul and Betty, and judgment was rendered in favor of Paul *73 and Betty against Royce and Allstate in the amount of $10,000.
In Hoffman, the Supreme Court addressed itself to a situation involving only one plaintiff and one defendant and pointed out that if each party obtained a verdict against the other, the smaller verdict should be subtracted from the larger and judgment entered in favor of the party obtaining the larger verdict for the amount of the difference. The court below was faced with a situation involving multiple parties on each side. By applying the principle of setoff to all of the parties on each side as a unit, an untoward result was obtained.
In the first place, the $1,500 verdict for Linda Bournazian was completely wiped out even though she wasn't a defendant to the counterclaim. Furthermore, Royce's $8,500 verdict against Stuyvesant was nullified because of the larger verdict against him by the Rileys, and the Rileys' verdicts against Allstate were reduced because the Bournazians succeeded in obtaining favorable verdicts for their damages. The only parties who profited from the offsetting verdicts were the two insurance companies. Had the Bournazians' claims been prosecuted in one suit and the Rileys' claims in another, both insurance carriers would have been liable for the total of the resulting verdicts. By reason of the claims being tried together, Stuyvesant was relieved from liability largely because of the serious nature of its insured's injuries and Allstate's liability was reduced for the same reason.[2] Such a result flies in the face of the social desirability of providing automobile accident victims in Florida with reasonable access to liability insurance benefits. See Shingleton v. Bussey, Fla. 1969, 223 So.2d 713.
We believe the court erred in setting off the verdicts in this manner. In our view, the only verdicts which should have been set off were the reciprocal verdicts involving the same parties. We do not think that the parties' insurers should have been accorded the benefits of the setoffs. Therefore, the various judgments should have been as follows:
For Royce  $7,500 against Paul; nothing against Betty; $8,500 against Stuyvesant.
For Linda  $1,500 against Paul, Betty and Stuyvesant.
For Paul  Nothing against Royce; $1,000 against Allstate.
For Betty  $10,500 against Royce; $19,000 against Allstate.
This will give effect to Hoffman exactly in the manner prescribed by the Supreme Court. As between the plaintiffs and the cross-plaintiffs, one judgment is entered in favor of the party receiving the larger verdict. However, there will be no setoff where the cross-actions do not involve an identity of parties. The judgments will then express "the true intent of the jury." Of course, any payment which is made by an insurance company on the judgment against it will also constitute a payment on the judgment entered against its insureds.
This result does not violate the concept that the liability of the insured is a condition precedent to the liability of his insurer. The liability of the insureds as reflected by the verdicts will be taken into account in the rendition of the judgments. For example, the liability of Paul to Royce established in this case was $8,500, which is exactly the amount that Paul's insurer will be obligated to pay. Royce's judgment against Paul will be reduced to $7,500 only because Royce had a corresponding liability of $1,000 to Paul. The fact that there were offsets among the parties does not diminish the responsibility of the liability insurance carriers. It must be remembered that in Florida, persons injured by reason *74 of the negligence of an insured are third party beneficiaries of the insured's liability insurance contract. Shingleton v. Bussey, supra.
While we consider our holding to be a proper interpretation of Hoffman, we recognize that this is a question of first impression which is of great public interest. Therefore, we will certify the case to the Supreme Court pursuant to Fla. Const. Art. V, § 3(b)(3) and FAR 4.5c(6).
The judgment is reversed and the case is remanded for entry of a judgment in accordance with this opinion.
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] There were also verdicts with respect to the subrogated automobile damage claims, but since neither side quarrels with the court's handling of these claims, these matters will not be considered in this opinion.
[2] Since the jury was instructed to reduce the damages in accordance with the principles of comparative negligence, the mitigating effect of the claimants' own negligence was already reflected in the verdicts.