342 So.2d 471 (1976)
STUYVESANT INSURANCE COMPANY, a Corporation, Petitioner,
v.
Royce S. BOURNAZIAN et al., Respondents.
No. 46573.
Supreme Court of Florida.
December 16, 1976.
As Corrected On Denial Of Rehearing February 23, 1977.
James A. Franklin, Jr., of Henderson, Franklin, Starnes & Holt, Fort Myers, for petitioner.
Anthony W. Cunningham, of Wagner, Cunningham, Vaughan, May & Genders, Tampa, and Robert Orseck, of Podhurst, Orseck & Parks, Miami, for respondents.

ON REHEARING GRANTED
ENGLAND, Justice.
This case was certified to us by the Second District Court of Appeal as posing a question of great public interest. We accepted jurisdiction pursuant to Article V, Section 3(b)(3) of the Florida Constitution, *472 considered arguments and briefs, and rendered an opinion on March 10, 1976 from which two of six members of the Court dissented. On consideration of respondents' request for reconsideration we again heard oral argument. We now revisit our original opinion in its entirety.
This action arose from an accident between an automobile owned and driven by Royce Bournazian and an automobile owned by Paul Riley and driven by his wife Betty. Royce Bournazian filed a personal injury suit against the Rileys and Stuyvesant Insurance Company, the Rileys' automobile liability insurer. Mrs. Bournazian filed a derivative claim as a result of the injuries to her husband. Betty Riley counterclaimed against Royce Bournazian and his liability insurer (Allstate Insurance Company) for the injuries sustained by her, and Paul Riley filed a derivative claim against them for the injuries to his wife.
Separate jury verdicts were returned for each litigant on his or her claim in a trial conducted under the doctrine of comparative negligence. Royce Bournazian was awarded $8,500, and his wife $1,500, against both Rileys and their insurer. Betty Riley was awarded $19,000, and her husband $1,000, against Royce Bournazian and his insurer. The trial court aggregated the personal injury verdicts for both Bournazians and netted them against the aggregate awards for both Rileys, producing a net judgment of $10,000 for the Rileys. On appeal the district court reversed and awarded each verdict recipient the full amount of his or her individual award.[1] The effect of that decision was to hold both insurance companies liable for the full amount assessed by the jury against their insureds, with no dollar off-sets between identical party-insureds. We now conclude that the result reached by the district court was correct.[2]
In our initial opinion we began with a recognition of the legal principle that the liability of the insurers in this case is derivative only, representing a responsibility to pay an amount first determined to be owed by another.[3] We then endeavored to determine how much each individual owed, and in doing so we held that the Hoffman principle of set-off should be applied when the identity of the parties would permit. As a result, we "netted" the individual liability of each party to the other before determining what the insurance company for each would pay, with the following results:
(1) Since Royce Bournazian was found to be liable to Betty Riley for $19,000, and she was found to be liable to him for $8,500, we found that the net amount he owed her was $10,500.
(2) Since Royce was found to be liable to Paul Riley for $1,000, and Paul was found to be liable (along with Betty) to Royce for the $8,500 award, we found that the net amount Paul would owe to Royce was $7,500. Because Paul's liability is joint with Betty, however, and therefore subject to discharge by her payment or satisfaction, we found that payment of the entire $8,500 was discharged by Betty's and Royce's offsetting judgments, so that on balance Paul was entitled to receive $1,000 from Royce.[4]
(3) Linda Bournazian was found to be entitled to $1,500 from Paul and Betty Riley *473 jointly, without any offsetting liability by her to them.
By determining each insurer's liability after applying offsets between identical parties, the insurance carriers became obligated by our original decision to pay $13,000 in claims.
We are now persuaded that our original view as to the amount to be paid among the parties themselves was correct for the reasons announced in Hoffman, but that the notion of set-off should have no effect on the contractual obligation of liability insurance carriers to pay the amounts for which their insureds are legally responsible. Stuyvesant argues that the amount legally owed by each party to the other is the net amount receivable after set-off has been applied rather than the total amount awarded to each by a jury after comparing relative fault and damages. This restrictive view of "liability" is defective in a case tried under comparative negligence, however. The effect of set-off as an antecedent to payment by each insurer is to abrogate the parties' respective insurance contracts by providing an unwarranted second level of comparative recovery reductions  the jury's award being the first.
The term "set-off" as used in Hoffman was obviously applied in a non-technical sense. Under the common law, a defensive plea of set-off would not exist in the compulsory counterclaim situation which arises in every comparative negligence case.[5] In Hoffman we used the term "set-off" merely to explain to trial judges that they should enter a net judgment for the party predominantly prevailing in the particular lawsuit, just as is typically done in contract litigation where one party sues for failure to make payment and the other counterclaims for a failure to perform.[6] A net judgment would be entered in such cases even though separate jury verdicts for each party were generated from separate causes of action, the promises of the parties not being regarded as mutually dependent at common law.[7]
Hoffman established the principle of set-off as between injured parties liable to each other in order to avoid an unnecessary exchange of checks and the possibility of inequitable judgment executions. Set-off in comparative negligence cases, then, is no more than a mechanical device by which the court forces partial payment of an amount the jury has determined to be legally owing.
When the jury in this case fixed the dollar amounts owed by each party to the other, it had already reduced the full amount of each party's actual damages by his or her respective degree of responsibility for the accident. The verdicts resulting from trial determined the "legal liability" of each party for purposes of Section 624.605(1)(b), Fla. Stat. (1975).[8] It was at that point that the terms of each insurance contract brought into effect the duty of each liability insurer to pay what its insured owed.
Were we to hold that each insurance carrier could "recoup" its insured's financial *474 liability to other parties, we would materially vary the terms of each liability insurance contract. For example, the jury here determined that Royce Bournazian was entitled to receive $8,500 from Betty Riley. If recoupment is allowed for the insurer to the extent of the $19,000 which Royce owed Betty, then (i) he would receive nothing from her carrier despite its contract liability to pay the amounts for which Betty became legally liable, and (ii) Betty would receive $10,500 from Royce's carrier despite its contract liability to pay all amounts for which he became legally liable. The effect of so holding would be tantamount to our requiring Royce to pay to Betty $8,500 of the $19,000 which Allstate had contracted to pay as a result of the accident. Nothing in Hoffman, the insurance laws, or the public policy of this state justifies our reading into a standard automobile liability insurance contract a requirement that a partially-negligent but fully-insured person should absorb a portion of the cost of his negligence. The purpose of the contract is precisely to the contrary, being designed and paid for to relieve the insured of all such obligations (within policy limits and over agreed deductibles, of course).
We conclude, therefore, that the concept of "set-off" (more properly "recoupment") as announced in Hoffman applies only between uninsured parties to a negligence action, or to insured parties to the extent that insurance does not cover their mutual liabilities. The doctrine has no effect on the contractual obligations of liability insurance carriers. The district court reached the correct result, and our previous opinion is withdrawn and superseded by this decision.
The judgment below is affirmed.
OVERTON, C.J., and ADKINS, BOYD, SUNDBERG, HATCHETT and ROBERTS (Retired), JJ., concur.
NOTES
[1] Bournazian v. Stuyvesant Ins. Co., 303 So.2d 71 (Fla.2d DCA 1974).
[2] Both the trial court and the district court attempted to apply the "set-off" theory which this Court announced in Hoffman v. Jones, 280 So.2d 431, 439 (Fla. 1973). Their difficulty in applying Hoffman stems from the fact that the decision there involved a significantly different fact situation. Plaintiff and defendant there, both of whom were negligent, were the only parties to the litigation. The question of insurers' liability was not involved in the case.
[3] Section 624.605(1)(b), Fla. Stat. (1975). The fact that an injured person may proceed directly against the insurer as a third party beneficiary of the insurance contract, Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), in no way elevates the carrier's responsibility to pay amounts for which the insured himself would not have been liable.
[4] In offsetting Royce Bournazian's $8,500 judgment against Betty Riley's $19,000 judgment, the positions of the Rileys in this lawsuit would in no way be undermined since we are not here concerned with a dispute between persons jointly liable as to the impact of the joint judgment on separate judgments in favor of each.
[5] See, for example, Metropolitan Cas. Ins. Co. v. Walker, 151 Fla. 314, 9 So.2d 361 (1942). If "set-off" were used in the technical sense, unrelated liabilities could be used to reduce the insurer's contractual obligation. For example, if at the time of the accident, Linda Bournazian had been indebted to Betty Riley for $2,000 under a past due promissory note, Betty and Paul could "set-off" that debt against their new $1,500 liability to Linda. Not only would Linda go uncompensated for her loss in this accident, but the Riley's insurer would be fortuitously relieved of its contract responsibility to pay an amount for which the Rileys had been found liable in negligence and Betty would have lost the right to recover $1,500 of her $2,000 promissory note. Hoffman never contemplated such a result. The set-off notion there announced is obviously applicable only to the mutual legal obligations of two or more persons arising from a single tortious event.
[6] See, for example, Ocean Ridge Dev. Corp. v. Quality Plastering, Inc., 247 So.2d 72 (Fla. 4th DCA 1971).
[7] 3A A. Corbin, Contracts § 709 (1960).
[8] In this section, "liability insurance" is defined as "insurance against legal liability... ."