MOORE, Judge.
Appellant, a defendant in the trial court, seeks review of a final judgment entered upon a jury verdict which was in favor of each of the individual parties in identical' amounts. At issue is the proper application of the “set-off” principles as announced in Hoffman v. Jones, 280 So.2d 431 (Fla.1973) and Stuyvesant Insurance Company v. Bournazian, 342 So.2d 471 (Fla.1977) to the instant facts.
Amos Eberhardt, an uninsured motorist, was involved in an automobile accident with Jenkins, who was driving a vehicle owned by Merchant Police of the Palm Beaches, Inc. and insured by State Farm Mutual Automobile Insurance Company. Eber-hardt sued Jenkins, Merchant Police and State Farm for his personal injuries. Jenkins was not served with process. He sued Eberhardt in a separate suit for his injuries and Eberhardt counterclaimed. The cases were consolidated for trial, resulting in a verdict of $5,000 for each plaintiff, Eberhardt and Jenkins. Relying upon Hoffman and Stuyvesant, supra, the trial court “set-off” the verdicts as against each other with respect to the individuals and entered judgment in the amount of $5,000 in favor of Eberhardt and against State Farm.
By stipulation, the parties have agreed that State Farm is subrogated to Jenkins’ claim because it paid Jenkins pursuant to uninsured motorist coverage. While candidly admitting at oral argument that it owes Eberhardt, State Farm contends that Jenkins is entitled to a judgment against Eberhardt. For the reasons expressed below, we agree and reverse.
The question is whether the “set-off” principles accrue to the benefit of an uninsured motorist when his adversary is adequately insured. Although at first glance a reading of Hoffman and Stuyvesant would seem to compel a finding that “set-off” should apply, we do not think so. We further feel that our decision is not in conflict with those cases.
In neither of the two cited cases was the Supreme Court faced with the situation involving one insured and one uninsured motorist. In abolishing the doctrine of contributory negligence as a complete bar to recovery, and adopting the comparative negligence doctrine in its stead, the Hoffman Court was not concerned with insurance coverages. By dicta, it merely stated that where verdicts were rendered for the plaintiff and the defendant, the trial court “should enter one judgment in favor of the party receiving the larger verdict, the amount of which should be the difference between the two verdicts.” Hoffman, supra, at 439. No apparent consideration was *1115 given insurance coverages until the Court decided the Stuyvesant case.
In Stuyvesant, the Court held that the doctrine of “set-off” had no effect on the contractual obligations of liability insurance carriers; thus, the carriers could not set-off the liabilities of their respective insureds. There, however, each of the parties was adequately insured and each carrier was obligated to respond for its insured’s liability. Such is not the situation in the pending case where one party is insured and the other is not. Under the rationale of Stuyvesant, as contended by the appellee, the party not insured may collect his judgment while the insured party may not. If such an interpretation were adopted by this Court, it would be tantamount to allowing the uninsured motorist to collect an amount equal to twice the verdict in his favor; i. e., $5,000 to “set-off” his liability to the individual party and $5,000 he would collect from the appellant. Conversely, the insured party would merely receive the benefit of the “set-off” without an opportunity to recover for his damages. The Supreme Court did not intend such an inequitable result.
The Supreme Court in Stuyvesant limited its holdings to two specific situations: (1) when neither party to a negligence action has insurance, and (2) when both parties are insured and the verdicts exceed the policy limits. Here, only one verdict exceeds the policy limits because there is no policy. Hypothetically, if both parties received verdicts for $100,000, where one was insured for $100,000 and the other for $50,000, the rationale suggested by appellee would dictate that the underinsured party receive his full recovery while the adequately insured party would receive only one-half of his loss or $50,000. Furthermore, if Jenkins, in the instant case, had chosen not to purchase uninsured motorist coverage, he would have received nothing, while the uninsured motorist would have been made whole. Thus, there is no logical reason to extend the principle of “set-off” to those situations where one of the parties is either uninsured or underinsured.
Our decision is further fortified by the peculiar facts in the instant case. To the extent of its payments under the uninsured motorist coverage, State Farm is the real party in interest. If the verdicts had been for Eberhardt and for State Farm as subro-gee, should not the same “set-off” rules be applied? We think so if “set-off” is to be made applicable to uninsured motorist cases.
As the Supreme Court stated in Hoffman : “The Court’s primary responsibility is to enter a judgment which reflects the true intent of the jury, as expressed in its verdict or verdicts.” The true intent of the jury here was to allow each party to recover $5,000, no more, no less. That intent can only be effectuated by entering judgment for Eberhardt against State Farm and another judgment for Jenkins against Eber-hardt in a like amount.
This cause is reversed and remanded with instructions to enter judgments consistent herewith.
DOWNEY, C. J., and LETTS, J., concur.