Defendant in Error, plaintiff below, sued plaintiff in error on a promissory note executed by the defendant. Defendant pleaded payment and for a second plea that
 "On or before the execution and delivery of the note here sued upon, the plaintiff and defendant were co-partners under the firm name of NICHOLSON *Page 1461 PAYNE: That the plaintiff * * * agreed to sell to defendant and defendant agreed to buy his one-half interest in said business, together with all stock, fixtures, furniture and accounts, among which was an account against the plaintiff, owing to said business, for the sum of $1,500.00 less the (amount of the) account owing to said business by the plaintiff. That the defendant paid the plaintiff $500.00 and executed and delivered to him two notes, each of the sum of $500.00, and due and payable, respectively, January 1, 1922, and January 1, 1924, the latter being the note herein involved, it being distinctly understood and agreed between the parties hereto, that the said account owing by the plaintiff to the said business should be credited upon the said sum of $1,500.00 and that the said purchase price should be reduced by that amount. That the defendant, before the institution of this suit fully paid said first maturing note and the sum of $183.50 in addition, credit for which defendant is entitled upon the note here sued upon; that the exact amount of the account owing by the plaintiff to said business, as aforesaid, was not known to either of the parties hereto at the time of the execution and delivery of said notes but was later found to be $397.06; that the plaintiff was advised of said amount and requested to give defendant credit therefor, but that plaintiff failed and refused so to do; * * * that the defendant executed and delivered said notes in consideration of the promise of plaintiff to credit thereon said account. * * *.
 "Wherefore defendant claims to recoup from the amount due upon said note the said sum of $397.06, the amount of said account, itemized statement of which is attached."* * * *Page 1462 
Plaintiff demurred to defendant's second plea; the demurrer was sustained. The case proceeded to trial on the plea of payment.
At the trial the Court refused to admit in evidence bill of sale from plaintiff to defendant covering an undivided one-half interest in the jewelry business of Nicholson Payne, together with all stock and fixtures and accounts of said business and refused to admit testimony in support of the plea which had been held bad on demurrer.
Verdict was rendered for plaintiff, judgment entered thereon, and defendant sued out writ of error and assigned as error the order of the court sustaining plaintiff's demurrer to the defendant's second plea.
Plaintiff contends that defendant's second plea shows an attempt to vary, alter or contradict the terms of a written instrument.
As regards a promissory note, an extrinsic agreement as to the mode of payment, or the amount of payment must be ineffective, since the parties have expressly dealt with those matters in the instrument; but an agreement to concede a credit or counter-claim, as off setting the obligation of the instrument would be a separate transaction, not dealt with in the instrument, and valid. Wigmore on Evidence, Section 2444; Bennett v. Tillmon, 18 Mont. 28, 44 Pac. R. 80; Buckeye Cotton Oil Co. v. Malone, 33 Ga. App. 519, 126 S.E. 913; John Lucas 
Co. v. Braley, 246 Fed.R. 693; Roe v. Bank of Versailles, 167 Mo. 406, 67 S.W. R. 303; Branch v. Wilson, 12 Fla. 543.
Evidence of a parol agreement, made at the time of the execution of notes, that the maker should have the right to offset an account then existing in his favor, is not a variance from the contract embodied in the notes. Bennet v. Tillmon,supra. *Page 1463 
Plaintiff contends that defendant's second plea states no defense. Defendant's second plea is one of recoupment. Jarrett Lumber Co. v. Reese, 66 Fla. 317, 63 So. R. 581; Branch v. Wilson, supra; 7 Wait's Actions and Defenses, 545.
In recoupment the damages claimed by defendant must flow from the same contract as that relied on by the plaintiff, or must grow out of the same transaction as that on which the plaintiff's cause of action is founded. Jarrett Lumber Co. v. Reese, supra; Delco Light Co. v. Hutchinson Properties, 128 So. R. 831.
The doctrine of recoupment of damages rests on the principle, that it is always desirable to prevent a cross action, when full and complete justice can be done in a single suit; and it is on this ground that the courts have been disposed to extend to the greatest length, compatible with the legal rights of the parties, the principle of allowing evidence in defense of or in reduction of the damages to be introduced rather than to compel the party to resort to his cross-action. 7 Wait's Actions 
Defenses, 544.
 "If the plaintiff sue on one part of a contract consisting of mutual stipulations made at the same time, and relating to the same subject matter, the defendant may recoup damages arising from the breach of another part; and this whether the different parts are contained in one instrument or in several, and whether one part is in writing and the other by parol." Branch v. Wilson, 12 Fla. 543, 550. See also 7 Wait's Actions Defenses 549.
Plaintiff contends that the account set up in reduction of the note sued on is barred by the statute of limitations. *Page 1464 
The defense of recoupment exists so long as the plaintiff's cause of action exists and may be asserted though the claim as an independent cause of action is barred by limitations. Huggins v. Smith, 141 Ark. 87, 216 S.W. R. 1, 16 A. L. R. 323. See also Annotations 16 A. L. R. 339.
The court erred in sustaining the demurrer to the defendant's second plea and the final judgment is reversed and new trial awarded.