**METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, a corporation organized under the laws of the State of New York, v. RICHARD H. WALKER and UNITED STATES FIDELITY COMPANY, a corporation organized under the laws of the State of Maryland.**

9 So. (2nd) 361                                                        En Banc

August 4, 1942

E. W. & R. C. Davis, for plaintiff.

G. P. Garrett, for defendants.

THOMAS, J.:

In complying with the request of the Circuit Judge for instructions under Rule 38 of the Rules of Practice adopted by this Court the 17th of December, 1941, it is necessary for us to determine whether the counter-claim pleaded in the county court by virtue of Sections 1 and 2, Chapter 20426, Laws of Florida, Acts of 1941 (52.11 and 52.12 Florida Statutes, 1941) was compulsory or permissive as contemplated in that law.

Metropolitan Casualty Insurance Company instituted an action in the county court for Orange County against Richard H. Walker and United States Fidelity and Guaranty Company to recover upon an injunction bond executed by the former as principal and the latter as surety. In the suit in which the bond was given, the principal had sought to restrain Metropolitan Casualty Company from disbursing certain money

to one Louise Cobb. Liability on the bond attached when the injunction was dissolved and the suit dismissed.

The defendant Richard H. Walker pleaded that the plaintiff was "indebted to (him) in . . . the amount of . . . $915.00 . . . for work done and professional services rendered . . . by the said defendant, as doctor and surgeon, to Louise H. Cobb, for the said plaintiff, at its request." As we will see the conclusion of the plea is significant. It was "and defendant claims a set-off against the plaintiff in said amount. . . ."

We are aware of the lack of a definite rule by which there may be classified those causes that do and those that do not arise from the same transaction and we are conscious, too, of the necessity of determining each case upon the facts peculiar to it.

Under Section 1(a) of Chapter 20426, supra, a defendant "*shall* state as a counterclaim, any claim, . . . which he has against the plaintiff, *arising* out of the transaction or occurrence that is the subject matter of the action" and by Section 1(b) he "*may* state as a counterclaim, any claim, *within the jurisdiction of the court,* against the plaintiff *not* arising out of the transaction or occurrence." (The italics are supplied.)

Thus if the defendant's and plaintiff's demands have sprung from the same transaction, the former must present his claim regardless of the amount and the jurisdiction of the court. If, on the other hand, the claims do not have a common origin, he may present the counterclaim if it is within the court's jurisdiction.

Here the amount sought to be recovered was less than five hundred dollars but the claim of the defendant exceeded that sum and the county court obviously

had no jurisdiction of the latter. The county judge transferred the cause to the circuit court.

In Section 2 of Chapter 20426, such a course is required where the amount of the counter demand is beyond the court's jurisdiction to try and is *compulsory*. Evidently it was the aim of the Legislature to *require* a defendant having a claim originating in the same occurrence as plaintiff's to plead it and if it was of an amount in excess of the court's jurisdiction, to make it incumbent on the court to transfer the cause to the proper tribunal. Section 2 of Chapter 20426, supra. If the counter-demand did not arise from the common transaction, permission was given to present it in the same suit only if it was entertainable by that court; therefore no provision was included in Section 2 of Chapter 20426, supra, for transfer of causes involving permissive counter demands.

Of course, the nature of the demands of plaintiff and defendant may be gleaned only from the declaration and the plea.

It is clear that the purpose of the original action was recovery of expenditures resulting from the improper issuance of an injunction to prevent the plaintiff from paying money to Louise Cobb. The nature of such payments and the reason for them do not appear and need not have been pleaded because the gist of the action was the damages suffered by a restraining order subsequently dissolved.

We then turn to the plea and discover that there is a claim for professional services to Louise H. Cobb performed at plaintiff's request. The slender thread connecting the demands is the name of the person who received the services and to stop payments to whom an injunction was unsuccessfully sought.

The allegations of the plea are entirely insufficient to show that the claims arose from one transaction, even giving that word the broad definition to which it is entitled according to the authorities. Although the plea may be sufficient as a permissive counterclaim, it does not definitely set out a compunlsory one.

We advert to the conclusion of the plea which we have denoted significant. The pleader himself called it one of "set-off." That term does not appear in the cited portions of the law but a study of the subject of set-offs and recoupments brings us to the conclusion that the feature distinguishing a compulsory from a permissive counterclaim is the one that also distinguishes a recoupment from a set-off. Compulsory counterclaims, under the Act, are those springing from the same transaction; permissive are those not having that characteristic. The former, therefore, seem to be those recognized as presentable by recoupment; the latter by set-off. Thus construing this plea against the pleader and, accepting the title for it that he selected, it seems to us that it falls in the class of counter demands which may not be adjudicated in the same action unless they are within the court's jurisdiction.

In deciding a case involving the construction of Chapter 18423, Laws of Florida, Acts of 1931, we held that this distinction between set-offs and recoupments had not been abolished. Jacksonville Paper Company v. The Smith & Winchester Mfg. Co., 147 Fla. 311, 2 So. (2nd) 890.

We decide that the defendant by his plea attempted to present a permissive counterclaim and that the cause should not have been transferred. Our instruction, which the circuit judge has requested, is that he

remand the cause so that the county court may strike the plea, unless it be amended to show the compulsoriness of the counterclaim, or that defendant claims no more than $500, and proceed with the adjudication of the plaintiff's action.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN, and ADAMS, JJ., concur.

TERRELL, J., dissents.