312 So.2d 501 (1975)
HORACE MANN INSURANCE COMPANY et al., Appellants,
v.
Francis A. DeMIRZA, Appellee.
Nos. 74-1497, 74-1498, 74-1545, 74-1546, 74-1548 and 74-1551.
District Court of Appeal of Florida, Third District.
April 22, 1975.
Rehearing Denied June 2, 1975.
Wicker, Smith, Pyszka, Blomqvist & Davant and Richard A. Sherman, Miami, for appellants.
Walton, Lantaff, Schroeder, Carson & Wahl and Wayne T. Gill, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This case is before us to review two orders entered by the Circuit Court of Dade County.
The defendants in the trial court, appellants here, filed a motion entitled, "Motion to Supplement Pleadings By Addition of a Counterclaim."
On October 10, 1974, the Circuit Court entered an order denying the defendants' motion. Thereafter, the court entered the second order appealed on October 23, 1974, which was styled, "Agreed Order," and which amended the earlier order of October 10.
This second order again denied the defendants' motion to supplement their pleading. However, the order stated that the motion was denied on the grounds that the plaintiff's filing of a complaint does not toll the statute of limitations with respect to causes of action which properly may be raised by way of a counterclaim.
The plaintiff, DeMirza, filed a complaint on May 28, 1974 alleging that on May 29, *502 1971 he was involved in an automobile accident with the defendant, Charles Curry, Jr.
DeMirza averred that he was driving his Cadillac, and that Curry so negligently operated his vehicle, a Mercury, as to cause a collision between the two cars at the intersection of S.W. 16th Street and S.W. 27th Avenue.
As a result, DeMirza alleged that he sustained personal injuries and property damage to his Cadillac. As is apparent from the face of DeMirza's pleading, it was filed just prior to the three-year statute of limitations expiring on his claim for property damage.
By the time the defendant Curry was served with the complaint the three-year period had run on any claim which he (Curry) had for property damage arising from the particular accident involved in this case.
Subsequently, after filing the answer to the complaint, defendant Curry's insurer, the Horace Mann Insurance Company, filed the motion to supplement pleadings, referred to above, on July 17, 1974.
The precise point raised in this case apparently is a question which has never been answered squarely in Florida. That point  as stated by the appellants  is as follows:
"WHEN A PLAINTIFF FILES A LAWSUIT AGAINST A DEFENDANT TWO DAYS BEFORE THE STATUTE OF LIMITATIONS EXPIRES AND DEFENDANT IS SERVED AFTER THE STATUTE OF LIMITATIONS HAS EXPIRED, CAN THE DEFENDANT FILE A COUNTERCLAIM AGAINST THE PLAINTIFF WHICH AROSE OUT OF THE SAME OCCURRENCE."
An examination of the appellants' proposed counterclaim reveals that it seeks recovery for property damage done to defendant Curry's Mercury automobile in the same accident upon which the plaintiff DeMirza is suing. Therefore, the counterclaim clearly is compulsory in nature. See, Florida RCP 1.170(a).
In order to grasp a clear perspective of the issues presented in this appeal, we deem it necessary to resurrect the common law ancestor of the compulsory counterclaim, which was known as the plea of recoupment.
Indeed, we find that the authors of Florida Jurisprudence anticipated that a consideration of common-law recoupment would be essential in just such a case as we are now considering. See, 8 Fla.Jur. Counterclaim § 2.
At common law the plea of recoupment was only defensive in nature. See, Payne v. Nicholson, 1930, 100 Fla. 1459, 131 So. 324. However, it was like the present compulsory counterclaim in that under the plea of recoupment the damages claimed had to arise out of the same transaction as the plaintiff's claim. Ibid.
Further, in Payne v. Nicholson, cited above, the court observed that the defense of recoupment exists so long as the plaintiff's cause of action exists, even though the defendant's claim may be barred as an independent cause of action.
In 1931, the Florida Legislature by statutory enactment converted the plea of recoupment from a purely defensive plea into an offensive plea as well. See, Jacksonville Paper Co. v. Smith & Winchester Mfg. Co., 1941, 147 Fla. 311, 2 So.2d 890.
Therefore, as of 1931 there was a close analogy between the modern compulsory counterclaim and the statutory form of the plea of recoupment. See, 8 Fla.Jur. Counterclaim § 5.
This brings us to the problem presented in the case at bar. It is clear that a plea of recoupment as a purely defensive pleading would not be barred by the statute of limitations, although an independent cause of action would be barred. Payne v. Nicholson, supra.
*503 This is consistent with the purpose of a limitations period which is to bar causes of action seeking affirmative relief where they are not brought in a timely manner, but is not intended to foreclose matters which are defensive in nature. Hawkeye-Security Insurance Co. v. Apodaca, 524 P.2d 874 (Wyo.Sup.Ct. 1974); Annot., 1 A.L.R.2d 630; 51 Am.Jur.2d Limitation of Actions § 77.
Therefore, it is our conclusion that the trial court was correct in concluding that the defendants' compulsory counterclaim, insofar as it sought affirmative relief for property damage done to Curry's Mercury, was barred by the statute of limitations.
However, we think that the defendants still should be permitted to supplement their answer in order to plead the defense of recoupment which would allow the defendants relief up to the amount sought by the plaintiff in his complaint for property damage done to his Cadillac. See, Dixon v. Schoonover, 226 Or. 443, 359 P.2d 115 (Or.Sup.Ct. 1961).
We realize the practical and conceptual difficulty of applying the defense of recoupment to a negligence case such as this one under the doctrine of comparative negligence. Nevertheless, we are confident that the trial court has full authority to deal with any eventual verdict returned in this case so as to insure that it is consistent with our holding herein.
Accordingly, for the foregoing reasons, the orders appealed are affirmed as modified.
Affirmed as modified.
PEARSON, Judge (dissenting in part).
I agree with that portion of the excellent opinion authored by Judge Hendry which correctly sets forth the historical basis for a compulsory counterclaim. My disagreement concerns a practical application for the present Rules of Civil Procedure. It seems to me that the intent of the present rules may best be carried out by a holding that a compulsory counterclaim is not barred by the statute of limitations when the principal action is not barred.