PER CURIAM.
Appellant appeals from the trial court’s dismissal of appellant’s second amended complaint with prejudice. In that complaint, appellant alleged that appellant and appellee had entered into a written contract whereby appellant agreed to perform overhead electrical work for appellee and that appellee agreed to provide appellant with $1,500,000 of overhead electrical work during the contract period; that ap-pellee had breached the contract by providing only approximately $90,000 worth of overhead electrical work pursuant to the contract. The contract, which was attached to the second amended complaint, provides that appellant would do work required for the total sum “not to exceed ONE MILLION FIVE HUNDRED THOUSAND and no/100 DOLLARS.” The contract language does not support appellant’s assertion that appellee had agreed to provide appellant $1,500,000 worth of work, but only shows that appellant had contracted with appellee to perform work “not to exceed” that amount. Obviously, $90,000 worth of work does not exceed $1,500,000.
Inconsistency between the general allegations of material facts in a complaint and specific facts revealed by the exhibit attached to it has the effect of neutralizing each allegation, rendering the pleading objectionable. Padgett v. First Federal Savings & Loan Association, 378 So.2d 58 (Fla. 1st DCA 1979); and Harry Pepper and Associates, Inc. v. Lasseter, 247 So.2d 736 (Fla.3d DCA 1971). See Rule 1.130(b), Florida Rules of Civil Procedure.
The trial court did not err in dismissing the second amended complaint, but we consider that appellant should be given one more opportunity to amend so that the ambiguity between the exhibit and the complaint could be cleared up, if possible.
*278 Affirmed in part and reversed in part with directions to allow appellant to file a third amended complaint.
McCORD and LARRY G. SMITH, JJ., and WOODIE A. LILES (Retired), Associate Judge, concur.