413 So.2d 866 (1982)
Lee CHERNEY and Tinya G.F. Cherney, Appellants,
v.
C. Gary MOODY, Appellee.
No. AG-126.
District Court of Appeal of Florida, First District.
May 12, 1982.
Lee Cherney and Tinya G.F. Cherney, pro se, appellants.
Wm. A. Bessent, III, Gainesville, for appellee.
SHAW, Judge.
Appellants seek review of an order which dismissed with prejudice their amended counterclaim. We treat the appeal as a petition for certiorari and accept jurisdiction under Florida Rule of Appellate Procedure 9.030(b)(2)(A). We REVERSE AND REMAND.
The facts here are relatively simple. Appellee Moody, an attorney, represented appellants Cherneys in a 1977 adoption proceeding. In January, 1980, Moody filed suit in County Court for the collection of fees allegedly owed him for the representation *867 in the 1977 adoption proceedings. The Cherneys, acting for themselves, answered and filed a counterclaim seeking compensatory and punitive damages in excess of $25,000.00. The counterclaim included as an exhibit a copy of a November, 1977, letter to Moody which dismissed him as their counsel and expressed dissatisfaction with his legal representation. After various procedural actions, including dismissal with leave to amend the original counterclaim and a jurisdictional transfer to Circuit Court, the trial court granted Moody's motion for dismissal of the amended counterclaim with prejudice on the ground that the counterclaim sounded in legal malpractice and was barred by the two year statute of limitations, section 95.11(4)(a), Florida Statutes (1980).
We begin our consideration by noting our agreement with the trial court's conclusions that the amended counterclaim sounded in malpractice; that the Cherneys' letter of November, 1977, clearly evidenced that they were on inquiry notice of the accrual of a cause of action against Moody as of November, 1977, and that this notice commenced the running of the statute of limitations. The Cherneys' cause of action for legal malpractice, as an independent cause of action, was barred by the running of the two year limitations period by the time Moody filed his suit in January, 1980. See 51 Am.Jur.2d, Limitations of Actions, §§ 61-63; Buck v. Mouradian, 100 So.2d 70 (Fla.3d DCA 1958). The Cherneys' argument that their counterclaim contains allegations of malicious and willful acts, fraud, concealment and bad faith which are not barred by the malpractice statute of limitations and that they did not know of the malpractice until 1978 is refuted by the contents of their answer, counterclaim, and letter of November, 1977. These pleadings leave no doubt that the Cherneys were on inquiry notice as of November, 1977, of the possible accrual of a cause of action and that this cause of action sounded in legal malpractice. See Padgett v. First Federal S & L Ass'n., 378 So.2d 58, 65 (Fla. 1st DCA 1979) and Kent Electric Co. v. Jacksonville Electric Authority, 395 So.2d 277 (Fla. 1st DCA 1981).
Even though we agree with the trial court that the Cherneys' claim was barred as an independent cause of action by the expiration of the two year statute of limitations, we nevertheless conclude that it was error to dismiss the counterclaim with prejudice. Under Florida Rule of Civil Procedure 1.110 the forms of actions and technical forms are abolished. This rule is applicable to any claim for relief, including a counterclaim as here, and it is not necessary to state the theory of the case in the pleading: "it is the facts alleged, the issues and proof, and not the form of the prayer for relief, which determines the nature of the relief to be granted." Chasin v. Richey, 91 So.2d 811, 812 (Fla. 1957). It is also well settled that a counterclaim for recoupment may be asserted although barred by the statute of limitations as an independent cause of action. See Payne v. Nicholson, 100 Fla. 1459, 131 So. 324, 326 (Fla. 1930). Here, appellant has stated a compulsory counterclaim in recoupment arising from the same transaction and occurrence as the appellee's complaint, and it was error to dismiss with prejudice.
Appellants' counterclaim exceeds in amount the jurisdictional amount of the County Court and of the appellee's suit for fees allegedly owed. This raises the issue of whether the appellants may recover an affirmative judgment above the amount sued on by appellee. There is conflicting authority as to whether a plea of recoupment which is otherwise barred as an independent cause of action may be used to obtain an affirmative judgment or may only be used defensively to reduce the amount the plaintiff demands. We have examined the history of the plea of recoupment in Florida and conclude for the reasons given below that a plea of recoupment may be used to obtain an affirmative judgment even though barred as an independent cause of action by the statute of limitations.
Under common law, the plea of recoupment was defensive in nature, arising from the same transaction or occurrence as the *868 plaintiff's claim, and did not permit recovery of an affirmative judgment. By contrast, the plea of setoff was of statutory origin, arose from a separate transaction or occurrence than the plaintiff's claim, and permitted recovery of an affirmative judgment. (Although we differ in our ultimate conclusion, we have drawn upon the excellent examination of the pleas of recoupment and setoff contained in Fla.Jur.2d, Interim Topics, Counterclaim, sections 1-17.)
The plea of recoupment was converted into an offensive plea and the distinction between recoupment and setoff largely eliminated by chapter 14823, Laws of Florida (1931) which provided that pleas of recoupment "shall have the same force and effect, and create the same right of recovery to the defendant as pleas of setoff, and form the proper basis for judgment in favor of the defendant in the same manner and to the same extent as pleas of setoff." In discussing this act, our Supreme Court concluded that
The evident purpose of the statute is to remove the restriction by which the pleader was formerly prevented from recovering the amount established by him over that found to be due the plaintiff.
Jacksonville Paper Co. v. Smith & Winchester Mfg. Co., 147 Fla. 311, 2 So.2d 890, 893 (Fla. 1941).
In 1941, the legislature enacted chapter 20426, Laws of Florida (1941) which repealed chapter 14823, Laws of Florida (1931) and amended section 4326 of the Compiled General Laws of Florida (1927), to provide in pertinent part:
(c) Counterclaim Exceeding Plaintiff's Claim. A counterclaim may or may not diminish or defeat the recovery sought by the plaintiff; shall not be construed as admitting any part of the plaintiff's claim; and the defendant may claim relief exceeding in amount or different in kind, from that sought in the pleading of the plaintiff.
Also in 1941, the legislature enacted chapter 20719, Laws of Florida (1941) which approved, adopted and enacted the Florida Statutes (1941), prepared by the attorney general under the direction and by the authority of the Florida Legislature. As so enacted, section 52.11(3), Florida Statutes (1941) contains the verbatim text of subsection (c) from chapter 20426 quoted above. Volume II of Florida Statutes (1941), containing the history and annotations of Florida Statutes (1941), was itself adopted by the legislature in chapter 20719. In pertinent part under section 52.11, the annotation quotes Jacksonville Paper Co. for the proposition that the statute removes the restriction by which the pleader of recoupment was "formerly prevented from recovering the amount established by him over that found to be due the plaintiff."
The relationship of recoupments and set-offs to section 52.11, Florida Statutes (1941) was examined in Metropolitan Casualty Ins. Co. of New York v. Walker, 151 Fla. 314, 9 So.2d 361 (Fla. 1942). In its analysis, the court stated that
[A] study of the subject of set-offs and recoupments brings us to the conclusion that the feature distinguishing a compulsory from a permissive counterclaim is the one that also distinguishes a recoupment from a set-off. Compulsory counterclaims, under the act, [chapter 20426], are those springing from the same transaction; permissive are those not having that characteristic. The former, therefore, seem to be recognized as presentable by recoupment; the latter by set-off.
Id. 9 So.2d at 362-363. The court went on to say that
In deciding a case involving the construction of Chapter 14823, Laws of Florida, Acts of 1931, we held that this distinction between set-offs and recoupments had not been abolished. Jacksonville Paper Company v. Smith & Winchester Mfg. Co., 147 Fla. 311, 2 So.2d 890.
Id. 9 So.2d at 363.
The subsequent history of section 52.11(3), Florida Statutes (1941), reveals that it was repealed by chapter 29737, Laws of Florida (1955), but incorporated verbatim, except for punctuation, into Rule of Civil Procedure 1.13(3) by our Supreme Court in *869 1954. Thereafter, except for recasting and deletion of a phrase not pertinent here, Rule of Civil Procedure 1.13(3) was incorporated into and became the present Florida Rule of Civil Procedure 1.170(c).
Based on the above history of the plea of recoupment, we are convinced that the 1931 legislature created a statutory right to an affirmative judgment on a plea of recoupment and that this statutory right has been preserved through the various adaptations and enactments which have produced the current Florida Rule of Civil Procedure 1.170.
Our views are strengthened by an analogy we see between the situation here and Beekner v. Cawthon, 145 Fla. 152, 198 So. 794 (Fla. 1940), wherein our Supreme Court rejected an attempt by a lender to purge a usury-infected contract by awaiting the running of the statute of limitations before filing suit. The court noted that it did not decide whether the debtor could have obtained an affirmative judgment in recoupment because the issue was not presented, but the court did not hesitate to say that the lenders were the movants and "should not be encouraged in the position that their usurous contract was free of the infirmity of usury because the statutory period, within which the [debtor] ... could have commenced a suit, had elapsed." Id. 198 So. at 796. Without belaboring the point we feel that an attorney's fidicuary relationship with a client and the Florida Bar's Code of Professional Responsibility would be ill-served by a holding which permitted an attorney to avoid a counterclaim for malpractice by awaiting the running of the statute of limitations before filing suit for the collection of fees for legal representation. In the posture of the case, we have not reached the issue of whether any malpractice actually occurred and express no opinion on the merits of the counterclaim.
We agree also with the dissent of Judge Pearson in Horace Mann Ins. Co. v. DeMirza, 312 So.2d 501 (Fla.3d DCA 1975) that the intent of the present rules will be best served by holding that a compulsory counterclaim in recoupment permits the recovery of an affirmative judgment even though barred as an independent cause of action by the running of the statute of limitations.
We recognize this holding conflicts with Horace Mann Ins. Co. v. DeMirza, 312 So.2d 501 (Fla.3d DCA 1975). Accordingly, we certify to our Supreme Court the following question:
DOES THE RUNNING OF THE STATUTE OF LIMITATIONS ON AN INDEPENDENT CAUSE OF ACTION BAR THE RECOVERY OF AN AFFIRMATIVE JUDGMENT IN RECOUPMENT ON A COMPULSORY COUNTERCLAIM.
REVERSED AND REMANDED.
MILLS, J., concurs.
LARRY G. SMITH, J., concurs and dissents with opinion.
LARRY G. SMITH, Judge, concurring and dissenting.
I would adhere to the decision of the Third District in Horace Mann Ins. Co. v. DeMirza, 312 So.2d 501 (Fla.3rd DCA 1975), which was followed in Diversified Mortgage Investors v. Benjamin, 345 So.2d 392 (Fla.3rd DCA 1977).
As a matter of statutory interpretation, I disagree with the majority's analysis of the effect of Chapter 14823, Laws of Florida (1931), so far as statute of limitations issues are concerned. This statute provided for the "same right of recovery" for both recoupment and setoff, and allowed recovery of judgment by way of recoupment "in the same manner and to the same extent" as for setoff. The statute thus creates no greater right of recovery under recoupment, than under setoff. Therefore, if a cause of action, pleaded by way of setoff, would be barred by the statute of limitations, the same cause of action, pleaded by way of recoupment, would also be barred. Later statutes and rules, in my view, do not disclose any intention to mandate the rule adopted by the majority.
*870 On the other hand, the statute contains no language affecting the right to present a recoupment defense to defeat all or part of the plaintiff's claim, without regard to the statute of limitations.
However, I concur in the majority's certification of the question to the Florida Supreme Court.