466 So.2d 1108 (1985)
Robert C. ALLIE and Rosemary Allie, et al., Appellants,
v.
Fred IONATA, et Ux., et al., Appellees.
No. 83-1709.
District Court of Appeal of Florida, Fifth District.
February 7, 1985.
Rehearing Denied March 7, 1985.
*1109 Walter A. Ketcham, Jr., of Walker, Buckmaster, Miller & Ketcham, P.A., Orlando, for appellants.
Gordon H. Harris of Gray, Harris & Robinson, P.A., Orlando, for appellees.

ON MOTION FOR REHEARING
COBB, Chief Judge.
We withdraw the opinion previously filed in this case and substitute the following in its place:
This is the second appearance of this case before us. See Allie v. Ionata, 417 So.2d 1077 (Fla. 5th DCA), review denied, 424 So.2d 761 (Fla. 1982). The relevant background facts are set forth in that opinion. In summary, the original plaintiffs (Ionata) sought rescission of two real estate contracts whereby they had purchased two tracts of land, one in North Carolina and one in Tennessee, from their accountant and his family (Allie). The action was filed in 1980, four years and several months after execution of the contracts. Ionata sought rescission and restitution based on fraud and breach of a fiduciary relationship. Allie asserted the applicable statute of limitations (§ 95.11(3), Fla. Stat.) as an affirmative defense, and counterclaimed for the balance due on the purchase money notes for the two tracts.
The counterclaim was held in abeyance by the trial court and the issues raised by plaintiffs' complaint were submitted to jury trial for certain factual determinations. The jury found, by way of interrogatory *1110 verdicts, that Allie had breached a fiduciary relationship (Allie did not volunteer to Ionata what he had originally paid for the properties), but that he was not guilty of fraud (he did not make a false statement of fact inducing reliance thereon by Ionata to the latter's damage).
The interrogatory verdict returned by the jury in regard to whether Allie breached a fiduciary relationship with Ionata in the sale of the real property was yes. It was in response to the following instruction:
If a fiduciary fails to deal fairly and in good faith with the one who has placed his confidence and trust in him, it is a breach of the duty he owes to them and such actions would constitute constructive fraud. Here, the Plaintiffs complain that Defendant, Robert Allie, breached his fiduciary duty to them by failing to advise them fully of all relevant facts pertaining to the sale of the described lands.
If you find the Defendant has breached his fiduciary duty, then this will nullify Plaintiffs' consent to enter into the land contracts and the Plaintiffs will therefore be entitled to rescission of those contracts.
The interrogatory verdict as to whether Allie committed fraud in the sale of the property to the Ionatas was no. It was in response to the following instruction:
Fraud in the sale of property consists of the following elements: One, a false statement of fact or facts; two, known by the Defendant to be false when made; three, made for the purpose of inducing the Plaintiff to act in reliance; and four, relied upon by the Plaintiff; and five, resulting in damage.
It is apparent from the jury instructions[1] that the jury finding of a breach of fiduciary duty was a finding of constructive fraud and, therefore, the jury finding that there was no fraud related to actual, as opposed to constructive, fraud. Florida courts have recognized that constructive fraud may exist independently of an intent to defraud. It is a term which is applied to a great variety of transactions that equity regards as wrongful, to which it attributes the same or similar effects of those that follow from actual fraud and for which it gives the same or similar relief. Thus, constructive fraud is deemed to exist where a duty under a confidential or fiduciary relationship has been abused. Douglas v. Ogle, 80 Fla. 42, 85 So. 243 (1920); Harrell v. Branson, 344 So.2d 604 (Fla. 1st DCA), review denied, 353 So.2d 675 (Fla. 1977).
Based on the jury findings, the trial court then entered judgment granting Ionata rescission of the contracts and damages based on the jury verdicts, and denied Allie's counterclaim. On appeal, we held that Ionata's action for rescission was barred by the applicable four-year statute of limitations, section 95.11(3)(l), Florida Statutes, since it had not been extended by fraudulent concealment by Allie under section 95.031(2), as established by the jury finding that there was no (actual) fraud by Allie. See Allie (Case I) at 1078-79. We reversed the lower court judgment, and remanded "for entry of judgment for [the Allies]... ."[2]
After remand, Allie amended his pending counterclaim for contractual damages, which had been revived by our reversal. In response thereto, Ionata filed an answer *1111 and a "counter-counterclaim,"[3] attempting to renew his claim for rescission and restitution based on the prior jury finding of constructive fraud. The trial court allowed this "counter-counterclaim" based upon the "sword-shield" principle relating to statutes of limitations, i.e., a party otherwise barred from instituting an action because of a time limitation is freed from that bar when he acts in a defensive posture. See, e.g., Payne v. Nicholson, 100 Fla. 1459, 131 So. 324 (Fla. 1930); Beekner v. L.P. Kaufman, Inc., 145 Fla. 152, 198 So. 794 (Fla. 1940). As a result, in November, 1983, the trial court denied summary judgment to Allie and entered summary judgment for Ionata again rescinding the notes and contracts pertaining to the two parcels, and granting judgment for Ionata for the amounts previously paid to Allie.[4]
On this appeal, it is contended by Allie that the prior appeal in 1982 precluded the affirmative remedy of rescission and restitution for Ionata. Our first inquiry, then, must be whether or not Ionata's "counter-counterclaim" actually is a permissible defense of recoupment[5] based on constructive fraud against Allie's counterclaim for the balance due on the notes. Ionata maintains that the statute of limitations does not bar his defense of recoupment, citing to Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). He contends:
Almost without exception, cases from other jurisdictions dealing with recoupment so recognized and named, run to the effect that if a defendant's claim is in fact a recoupment, the general statutes of limitations do not defeat it; on the contrary, it may be availed of defensively, as long as the plaintiff's cause of action exists. Annot., 1 A.L.R.2d 630, 666 (1948). By the reasoning of such decisions, the IONATAS have the right to raise FRED C. ALLIE'S breach of fiduciary duty to recoup at least the full amount of damages sought by the ALLIES in their Amended Counterclaim.
We agree with Ionata's contention. Therefore, the next question is whether recoupment is limited to reducing the amount of Allie's claim, or whether such recoupment may include affirmative relief  i.e., rescission and restitution.
In Payne v. Nicholson, supra, the landmark case in this area, the Florida Supreme Court determined that:
The defense of recoupment exists so long as the plaintiff's cause of action exists, and may be asserted, though the claim as an independent cause of action is barred by limitations. Huggins v. Smith, 141 Ark. 87, 216 S.W. 1, 16 A.L.R. 323. See, also, Annotations, 16 A.L.R. 339.
Id. at 326. In Beekner, the supreme court similarly upheld the right to raise an affirmative defense of usury when a lender attempted to collect on a usury-infected contract, though the claim of usury as an affirmative cause of action would have been barred by the statute of limitations. Neither case explicitly held that recoupment, otherwise barred, was limited to a defense against the amount of the adverse claim, and could not be employed to obtain an affirmative judgment.
The First District has read the Florida Supreme Court case of Payne, and the statutory development of recoupment in Florida, to allow a counterclaim of recoupment by a defendant when that claim would have been barred by the statute of *1112 limitations in a direct action. In Cherney v. Moody, 413 So.2d 866 (Fla. 1st DCA 1982), the First District held that "a compulsory counterclaim in recoupment permits the recovery of an affirmative judgment even though barred as an independent cause of action by the running of the statute of limitation." Id. at 869. See also Evans v. Parker, 440 So.2d 640 (Fla. 1st DCA 1983). On the other hand, the Third District has explicitly refused to allow a defendant to recover an affirmative judgment based upon a counterclaim in recoupment when it has been barred by the statute of limitations. See Hilsenroth v. Kessler, 446 So.2d 147 (Fla. 3d DCA 1983); Horace Mann Ins. Co. v. DeMirza, 312 So.2d 501 (Fla. 3d DCA 1975). In the latter case the Third District said:
At common law the plea of recoupment was only defensive in nature. See, Payne v. Nicholson, 1930, 100 Fla. 1459, 131 So. 324. However, it was like the present compulsory counterclaim in that under the plea of recoupment the damages claimed had to arise out of the same transaction as the plaintiff's claim. Ibid.
Further, in Payne v. Nicholson, cited above, the court observed that the defense of recoupment exists so long as the plaintiff's cause of action exists, even though the defendant's claim may be barred as an independent cause of action.
* * * * * *
This is consistent with the purpose of a limitations period which is to bar causes of action seeking affirmative relief where they are not brought in a timely manner, but is not intended to foreclose matters which are defensive in nature. Hawkeye-Security Insurance Co. v. Apodaca, 524 P.2d 874 (Wyo.Sup.Ct. 1974); Annot., 1 A.L.R.2d 630; 51 Am.Jur.2d Limitation of Actions § 77.
Therefore, it is our conclusion that the trial court was correct in concluding that the defendants' compulsory counterclaim, insofar as it sought affirmative relief for property damage ... was barred by the statute of limitations.
However, we think that the defendants still should be permitted to supplement their answer in order to plead the defense of recoupment which would allow the defendants relief up to the amount sought by the plaintiff in his complaint... .
312 So.2d at 502-03. We agree with this interpretation of Payne, and disagree with the majority opinion in Cherney. The latter case examines the history of the plea of recoupment, noting that under common law it was defensive in nature, and did not permit recovery of an affirmative judgment. A set-off, on the other hand, permitted recovery of an affirmative judgment. The statutory law of Florida, commencing with Chapter 14823, Laws of Florida (1931), evolved to permit compulsory counterclaims presented by recoupment to result in affirmative judgments in excess of the original claim by the plaintiff  which previously was true of permissive counterclaims presented by set-off. This evolution culminated in Florida Rules of Civil Procedure 1.170(a), (b) and (c).[6]
*1113 Thus, the majority opinion in Cherney appears to conclude that because an affirmative recovery in recoupment is now allowed under the rules, that such affirmative recovery is also allowable in a counterclaim of recoupment otherwise barred by the statute of limitations. The problem with this rationale is that the rules do not deal with claims independently barred by a statute of limitations. We agree with Judge Smith's dissent in Cherney that nothing in the Florida Statutes or the rules creates an affirmative right of recovery, whether pleaded by recoupment or set-off, once it is barred by the statute of limitations.
Accordingly, we hold that while Ionata is not entitled to the affirmative relief of rescission and restitution granted by the trial court, he is entitled to assert his defense of recoupment against Allie in regard to the amounts claimed. This recoupment shall be that portion of the original purchase price of the lands which exceeds their true market value (determined as of the date of Ionata's purchase), but limited by the amounts now claimed by Allie as the balance due. Therefore, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
In so holding, we acknowledge direct conflict with Cherney and certify to the Florida Supreme Court the same question certified therein:
DOES THE RUNNING OF THE STATUTE OF LIMITATION ON AN INDEPENDENT CAUSE OF ACTION BAR THE RECOVERY OF AN AFFIRMATIVE JUDGMENT IN RECOUPMENT ON A COMPULSORY COUNTERCLAIM?
REVERSED and REMANDED.
DAUKSCH, J., concurs.
ORFINGER, J., concurs in part, dissents in part with opinion.
ORFINGER, Judge, concurring in part and dissenting in part.
I concur with the majority opinion except as to that portion which would limit appellee's right of recoupment to the amount of appellant's claim. In this respect, it appears that the case of Cherney v. Moody, 413 So.2d 866 (Fla. 1st DCA 1982) correctly concludes that a compulsory counterclaim in recoupment should permit the recovery of an affirmative judgment even though barred as an independent cause of action by the running of the statute of limitations.
NOTES
[1] Unfortunately, these jury instructions were not afforded to this court as part of the record on appeal until affirmatively ordered by the court during consideration of the appellees' motion for rehearing. Much confusion and unnecessary labor could have been avoided had we had access to this information earlier. Without the clarifying instructions, it would appear that the jury finding of a fiduciary breach referred only to a technical breach falling short of constructive fraud in view of the fact that the verdict relating to fraud did not differentiate between actual and constructive fraud, and facially appeared to negate both.
[2] This holding only related to the judgment granting rescission, because the merits of Allie's counterclaim had not been adjudicated at the time of the first appeal.
[3] Under Florida law, there is no provision for a "counter-counterclaim," only affirmative defenses to a counterclaim and amendment of the original complaint for the addition of new affirmative claims by the plaintiff.
[4] The judgment implies, but fails to direct, that the lands are to be restored to Allie.
[5] The plea of recoupment at common law was purely defensive in nature and allowed a defendant to interpose a claim to reduce the amount of the plaintiff's demand. A claim by way of recoupment was one arising from the same transaction or contract that was the basis of the plaintiff's action, thus distinguishing it from a set-off. See 40 Fla.Jur.2d Pleadings § 90. Under current rules of procedure, a commonlaw plea in recoupment is a compulsory counterclaim and may exceed the plaintiff's claim. See Florida Rules of Civil Procedure 1.170(a) and (c).
[6] Rule 1.170 Counterclaims and Cross-claims

(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state a claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on the claim and the pleader is not stating a counterclaim under this rule.
(b) Permissive Counterclaim. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.
(c) Counterclaim Exceeding Opposing Claim. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party.