PER CURIAM.
This is an appeal by the defendant from an adverse final judgment entered after a non-jury trial in an action to collect on a promissory note. We affirm in part and reverse in part.
The defendant Michael Ratner did not contest below his liability to the plaintiff Valerio Bernabo on the promissory note, but claimed, by way of affirmative defense, a set-off based on an undisputed debt owed by the plaintiff to the defendant, which debt exceeded the amount due on the promissory note. The defendant also filed a counterclaim against the plaintiff to collect on the aforesaid debt as it was greater than the debt owed to the plaintiff. The trial court held that the counterclaim was barred by the applicable statute of limitations and could not be used as a set-off on the amount due to the plaintiff under the promissory note. Accordingly, the trial court entered judgment for the plaintiff on her complaint and against the defendant on his counterclaim.
The defendant Ratner urges, as his central point on appeal, that the trial court erred in failing to set-off the undisputed debt owed by the plaintiff Bernabo to the defendant Ratner as against the amount due and owing on the promissory note. We agree. The fact that the debt owed by the plaintiff to the defendant could not be affirmatively collected in an action at law, because barred by the statute of limitations, in no way affects the defendant’s right to obtain a defensive set-off against another debt, as here, when the plaintiff brings a timely action to collect on such debt. The defendant was, accordingly, entitled to the set-off which he pled and proved below, but only in an amount up to the amount found due and owing on the subject promissory note. Allie v. Ionata, 466 So.2d 1108 (Fla. 5th DCA), cause dismissed, 469 So.2d 749 (Fla.1985); Hilsen-roth v. Kessler, 446 So.2d 147 (Fla. 3d DCA 1984); Horace Mann Insurance Co. v. De-Mirza, 312 So.2d 501 (Fla. 3d DCA 1975). Contra Cherney v. Moody, 413 So.2d 866 (Fla. 1st DCA 1982).
We find no merit in the second point on appeal. In our view, the trial court correctly found against the defendant on his counterclaim as it was barred by the applicable statute of limitations. § 95.-ll(3)(k), Fla.Stat. (1979); see Calvert Fire Insurance Co. v. Tarr, 391 So.2d 244, 245 (Fla. 3d DCA 1980) (findings of trier of facts will not be reversed if supported by substantial, competent evidence); Edgerly v. Schuyler, 113 So.2d 737, 741 (Fla. 3d DCA 1959) (determination of time for beginning of statute of limitations is question of fact), aff'd, 121 So.2d 417 (Fla.1960).
The final judgment under review is affirmed as to the denial of the defendant’s counterclaim. The final judgment under review is reversed in all other respects, and *841 the cause is remanded to the trial court with directions to enter judgment for the defendant on the plaintiff’s complaint.
Affirmed in part; reversed in part and remanded.