752 So.2d 1239 (2000)
MONROE COUNTY, Appellant,
v.
Joan McCORMICK, Appellee.
No. 3D99-1309.
District Court of Appeal of Florida, Third District.
March 1, 2000.
*1240 Stuart G. Schurr, Assistant County Attorney, for appellant.
Greenman & Manz and Franklin D. Greenman, Marathon, for appellee.
Before GODERICH, GREEN and RAMIREZ, JJ.
GODERICH, Judge.
Monroe County appeals from a writ of mandamus commanding it to pay Joan McCormick $12,205.75 plus statutory interest pursuant to a final judgment on attorney's fees. We reverse.
The County contends that the trial court erred by failing to grant it a set-off based on a code enforcement lien, pursuant to section 162.09(3), Florida Statutes (1995), against McCormick's property. We agree.
First, we note that the County properly pleaded set-off as an affirmative defense in response to the show cause order on the writ of mandamus. Holcomb v. Department of Corrections, 609 So.2d 751 (Fla. 1st DCA 1992). Second, we note that the County properly recorded a certified copy of the order imposing the fine in the public records and that, as such, it constitutes "a lien against the land on which the violation exists and upon any other real or personal property owned by the violator." § 162.09, Fla. Stat. (1995).
Next, we address McCormick's contention that a set-off is improper because the code enforcement lien cannot be foreclosed against her real property as it is homestead property. § 162.09(3), Fla. Stat. (1995). In Miskin v. City of Fort Lauderdale, 661 So.2d 415 (Fla. 4th DCA 1995), the Fourth District Court of Appeal explained that although a code enforcement lien is unenforceable against homestead property, this does not invalidate the lien. Further, section 162.09(3) states that "[u]pon petition to the circuit court, such [code enforcement] order may be enforced in the same manner as a court judgment by the sheriffs of this state, including levy against the personal property...." Therefore, the lien is valid and is enforceable against McCormick's personal property, namely, the attorney's fees owed to her by the County.
Lastly, although the County is precluded from affirmatively foreclosing the lien on McCormick's homestead property, the County is still entitled to defensively set-off the amount due and owing under the lien against the attorney's fees judgment. Elbadramany v. Bryson Crane Rental Servs., Inc., 630 So.2d 214 (Fla. 5th DCA 1993)(holding that default judgment previously entered against property owner on his claims against contractor did not preclude property owner, in subsequent action brought by contractor to recover for *1241 services it provided, from raising damage to property as grounds for setoff); Ratner v. Bernabo, 495 So.2d 839 (Fla. 3d DCA 1986)(holding that although debt owed by plaintiff to defendant could not be affirmatively collected in action at law because it was barred by statute of limitations, it in no way affected defendant's right to obtain defensive set-off against another debt when plaintiff brought timely action to collect such debt).
We reverse and remand for entry of an order consistent with this opinion.