861 So.2d 1204 (2003)
Darryl L. MAYNARD, Appellant,
v.
HOUSEHOLD FINANCE CORPORATION III, Appellee.
No. 2D02-3753.
District Court of Appeal of Florida, Second District.
December 10, 2003.
*1205 Elizabeth L. Hapner, Tampa, for Appellant.
Enrico G. Gonzalez, Temple Terrace, for Appellee.
WALLACE, Judge.
In this appeal we are asked to determine whether a mortgagor's compulsory counterclaim alleging claims for fraud in the inducement and for breach of contract, pleaded as part of an answer to a mortgagee's complaint for foreclosure, is barred when it is filed after the expiration of the applicable statute of limitations. Because the mortgagor's compulsory counterclaim is a claim for recoupment, we hold that the expiration of the statute of limitations does not bar it. Accordingly, we reverse the circuit court's final summary judgment entered in favor of the mortgagee, and we remand for further proceedings.

The Facts
The facts, which are drawn from the pleadings and other documentary evidence in the record, are reviewed in the light most favorable to the nonmoving party against whom final summary judgment was entered. Markowitz v. Helen Homes of Kendall Corp., 826 So.2d 256, 258-59 (Fla.2002). On April 30, 1996, Home Finance Corporation III(HFC) loaned $69,999.52 to Darryl L. Maynard (the Mortgagor), who executed a promissory note and secured payment with a mortgage on his Tampa home in favor of HFC. At the time, the home was encumbered by two mortgages that secured loans from Advanta Mortgage Corporation (Advanta) and American General Home Equity, Inc. (American General). The Mortgagor intended to obtain satisfaction of the prior mortgages, and HFC represented that the prior mortgages would be paid. To the extent that there may be a written undertaking by HFC to pay the prior mortgages from the loan proceeds, such writing is not part of the record.
In May 1996, HFC paid a substantial sum of money to Advanta on the Mortgagor's account, but this amount did not satisfy the full balance due. HFC did not pay any amount on the Mortgagor's account with American General. Later that month, the Mortgagor became aware that the prior mortgages had not yet been satisfied. Faced with outstanding balances on three home loans, the Mortgagor repeatedly *1206 attempted to rectify the situation with HFC but was unsuccessful in obtaining satisfaction of the prior mortgages.[1] Then, according to HFC, the Mortgagor failed to make the payment due to HFC in November 2000 and all subsequent payments.
On May 30, 2001, HFC sued to foreclose on the Mortgagor's home.[2] On June 21, 2001, the Mortgagor answered and denied he had defaulted on the note and mortgage. His answer included a counterclaim alleging that HFC represented that the purpose of the mortgage transaction was for the refinancing of his existing mortgages and that HFC failed to carry out its promise to satisfy the existing mortgages. Asserted in a single count, the counterclaim may be interpreted as a claim for fraud in the inducement or for breach of contract. For the purposes of our decision, we need not identify the cause of action pleaded in the counterclaim. The Mortgagor filed his counterclaim more than five years after he first became aware in May 1996 of HFC's apparent failure to satisfy the Advanta and American General mortgages from the loan proceeds.
HFC moved for summary judgment on its foreclosure claim, submitting proof of the amount claimed and the Mortgagor's default. HFC also moved for summary judgment on the Mortgagor's counterclaim, arguing that it was barred by the applicable statute of limitations.[3] In response to cases submitted by the Mortgagor to support the proposition that his counterclaim was not barred by the statute of limitations, HFC argued that the cases were distinguishable because the Mortgagor's counterclaim did not seek recoupment. The trial court granted final summary judgment in favor of HFC on the foreclosure claim and the counterclaim, awarding HFC a summary judgment of foreclosure for $96,080.50, including interest, penalties, attorney's fees, and costs.

Standard of Review
Review of a summary judgment is de novo, requiring a two-pronged analysis. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). First, a summary judgment is proper only if there is no genuine issue of material fact, viewing every possible inference in favor of the party against whom summary judgment has been entered. Huntington Nat'l Bank v. Merrill Lynch Credit Corp., 779 So.2d 396, 398 (Fla. 2d DCA 2000). Second, if there is no genuine issue of material fact, a summary judgment is proper only if the moving party is entitled to a judgment as a matter of law. Aberdeen at Ormond Beach, 760 So.2d at 130. The presumption of correctness generally applicable to all orders subject to appellate review is relatively weak in review of a summary judgment because the appellate court is in no less of a position than the trial court in reviewing documentary evidence. *1207 Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995); Savage-Hawk v. Premier Outdoor Prods., Inc., 474 So.2d 1242, 1244 (Fla. 2d DCA 1985).

Analysis
HFC's sole argument in support of summary judgment on the Mortgagor's counterclaim was that it was barred by the statute of limitations because it did not seek recoupment. HFC's argument was incorrect. The distinguishing feature of a claim for recoupment is the same as a compulsory counterclaimit must spring from the same transaction or occurrence as the underlying claim. Cherney v. Moody, 413 So.2d 866, 868 (Fla. 1st DCA 1982) (tracing the history of the plea of recoupment). A recoupment seeks to diminish or exceed the damages sought by the plaintiff. Id. Viewed as a breach of contract claim, the Mortgagor's counterclaim was necessarily a compulsory counterclaim to HFC's foreclosure action based upon breach of the promissory note. Viewed as a claim of fraud, this court has held: "At least in some, if not all, cases, fraud in the inducement of a note or mortgage is a compulsory counterclaim to an action in foreclosure on the note or mortgage." Norris v. Paps, 615 So.2d 735, 737 (Fla. 2d DCA 1993). The Mortgagor sought money damages for HFC's alleged misconduct arising from the same transaction or occurrence upon which HFC premised the Mortgagor's liability; thus the Mortgagor's counterclaim was a compulsory counterclaim in recoupment.
As a general rule, our supreme court has held that "a compulsory counterclaim in recoupment permits the recovery of an affirmative judgment even though barred as an independent cause of action by the running of the statute of limitations." Allie v. Ionata, 503 So.2d 1237, 1239 (Fla.1987) (quoting and adopting the analysis of Cherney, 413 So.2d at 868-69). The Allie court explained that the purpose of a statute of limitations is to protect unwitting defendants from the unexpected enforcement of stale claims brought by plaintiffs who have slept on their rights. This purpose is not served if a statute of limitations is used as a shield to bar meritorious defensive actions when plaintiffs, by bringing their claims, have effectively acknowledged that they are prepared to litigate all aspects of the matter. Id. at 1240.
Our supreme court has identified two exceptions to the general rule. First, the rule of Allie does not apply when the defensive claim seeks specific performance of an option to buy land or the transfer of some other unique, nonfungible property. Rybovich Boat Works, Inc. v. Atkins, 585 So.2d 270, 271 (Fla.1991). Second, when the defensive claim seeks to enforce the statutory right of rescission under the federal Truth in Lending Act, the statute's three-year limitation on actions prevails over the common law rule of Allie because the statute itself provides the right and the remedy. Beach v. Great W. Bank, 692 So.2d 146, 149-50 (Fla.1997).
The Mortgagor's counterclaim in recoupment does not fall within the exceptions to the rule of Allie. Therefore it is not barred by the statute of limitations that otherwise might have applied had it been brought as an independent claim. Further, upon our review of the Mortgagor's deposition and affidavit in opposition to HFC's motion for summary judgment, we conclude that the Mortgagor has presented facts creating a genuine issue with regard to the counterclaim viewed as an action for breach of contract. Specific facts creating a genuine issue of fraud in the inducement may well be adduced upon *1208 further discovery.[4] Therefore, the final summary judgment in favor of HFC is reversed.

Remand
Remand for further proceedings is required for both the Mortgagor's counterclaim and HFC's foreclosure claim. On remand, if the Mortgagor proves damages arising from breach of contract or fraud, then the amount of the Mortgagor's damages may reduce or exceed the amount of HFC's claim. See Hilsenroth v. Kessler, 446 So.2d 147, 149-50 (Fla. 3d DCA 1983) (allowing a counterclaim for fraud, which was otherwise barred by the statute of limitations, to be raised as a defensive claim to reduce the aggregate unpaid balance on a mortgage in a foreclosure action); see also Norris, 615 So.2d at 737 (holding that a compulsory counterclaim for fraud may not be severed from the underlying foreclosure action); Millennium Group I, L.L.C. v. Attorneys Title Ins. Fund, Inc., 847 So.2d 1115, 1117 (Fla. 1st DCA 2003) (reversing a partial summary judgment that allowed one party to execute a judgment on a promissory note before resolving the other party's claim of damages because of fraud). At the conclusion of the litigation, a single judgment should reflect the aggregate amount of the Mortgagor's liability to HFC and HFC's liability to the Mortgagor, if any. See Hilsenroth, 446 So.2d at 150.
Reversed; remanded with directions.
COVINGTON and CANADY, JJ., concur.
NOTES
[1] The record does not completely explain the history of the Mortgagor's loan accounts with Advanta and American General subsequent to May 1996. However, these details are not particularly pertinent here as it appears the Mortgagor was never fully relieved of his liability on these mortgages prior to filing his counterclaim.
[2] HFC initially named American General as a codefendant as the holder of an inferior lien, but HFC later dropped this party from its lawsuit.
[3] From the time a cause of action accrues, an action on a contract that is founded on a written instrument must be brought within five years, an action on a contract that is not founded on a written instrument must be brought within four years, and an action founded on fraud must be brought within four years. § 95.11(2)(b), (3)(j)-(k), Fla. Stat. (1995). The issues of what limitations apply and when any limitation period began to run were not argued before the trial court and are now rendered moot by our decision.
[4] We note that the Mortgagor in his deposition testimony identified by name the person who made the purported misrepresentations.