928 So.2d 1272 (2006)
The ESTATE OF Naomi GITHENS, by and through the Personal Representative, Bettye SEAMAN, Appellant,
v.
BON SECOURS  MARIA MANOR NURSING CARE CENTER, INC., d/b/a Bon Secours  Maria Manor, a Florida corporation, Appellee.
No. 2D05-2023.
District Court of Appeal of Florida, Second District.
May 26, 2006.
*1273 Jay P. Dinan and D. Keith Thomas of Santa Lucia & Thomas, P.A., Clearwater, for Appellant.
John A. Brekka Jr. and Christy Brigman of Quintairos, Prieto, Wood & Boyer, P.A., Fort Lauderdale, and Sheila Nicholson of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, for Appellee.
SILBERMAN, Judge.
The Estate of Naomi Githens, by and through the personal representative, Bettye Seaman (the Estate), appeals a final summary judgment entered in favor of Bon Secours  Maria Manor Nursing Care Center, Inc., d/b/a Bon Secours  Maria Manor, a Florida Corporation (the Nursing Home). The Estate brought this action pursuant to the nursing home residents' rights statute, section 400.022, Florida Statutes (2002). The Estate claimed, among other things, that the Nursing Home was negligent with respect to a fractured tibia that Ms. Githens suffered while she was a resident of the Nursing Home and that this negligence caused or significantly contributed to her death. Because the Nursing Home failed to carry its burden in order to obtain a summary judgment, we reverse and remand for further proceedings.
Ms. Githens was admitted to the Nursing Home on November 20, 2000. She was wheelchair bound and suffered from Parkinson's disease, Alzheimer's disease, and osteoporosis. On August 23, 2002, Nursing Home staff noticed that Ms. Githens' right leg was showing signs of abnormality. On August 26, 2002, X-rays revealed that Ms. Githens had suffered "a non-displaced spiral fracture to the distal tibia in her right leg." She was hospitalized and subsequently died on September 30, 2002. Her death certificate reflects that at the time of her death, Ms. Githens was ninety-two years old. The certificate lists her immediate cause of death as cardio-respiratory arrest, although the record contains expert deposition testimony that the leg fracture contributed significantly to her death.
The Nursing Home sought summary judgment, arguing that the Estate's claim improperly relied on the stacking of inferences. The Nursing Home contended that "the basic inference in this case, which is that the fracture that Ms. Githens suffered from occurred from the handling of another person can not, nor can it ever be established to the exclusion of any other reasonable theory." The Nursing Home cited to the deposition of Gloria Cruz, one of Ms. Githens' caregivers, to support its assertion that Ms. Githens had the ability to move herself while in bed. The Nursing Home also asserted that Ms. Githens had Parkinson's disease, which results in involuntary movements, and that her bones were weakened due to severe osteoporosis. Thus, the Nursing Home argued that Ms. Githens had limited mobility and could have moved in such a way as to have caused the fracture. The Nursing Home suggested as examples that Ms. Githens could have gotten her foot caught in between the bed and the bedrail or she could have tangled her foot in the sheets, and that either circumstance, considering her severe osteoporosis, could have caused the fracture. It also suggested that perhaps someone other than a person affiliated with the Nursing Home, such as a visiting family member, may have moved Ms. Githens' leg to the point of causing the fracture.
The Estate responded by pointing to evidence reflecting that Ms. Githens was totally dependent on the Nursing Home staff for ambulating, turning, and repositioning. It argued that there was no evidence *1274 supporting the Nursing Home's theory that perhaps Ms. Githens injured herself or that someone other than a Nursing Home staff member may have caused her injury. The Estate contended that there was no reasonable explanation as to how the injury occurred other than through the negligence of the Nursing Home and that if there were a factual dispute as to whether Ms. Githens could have injured herself, the dispute would be for the jury to resolve. Thus, it appears that the Estate's basic inference is that the Nursing Home staff's handling of Ms. Githens caused her fracture.
The trial court granted summary judgment, stating that the Estate's claim relies on several inferences to establish negligence; that there are multiple reasonable theories, not all of which implicate the Nursing Home, to explain how Ms. Githens received the injury; and that the Estate's case "impermissibly relies on the stacking or pyramiding of inferences."
Our review of a summary judgment is de novo. Maynard v. Household Fin. Corp. III, 861 So.2d 1204, 1206 (Fla. 2d DCA 2003). A movant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). In determining whether a genuine issue of material fact exists, this court must view "every possible inference in favor of the party against whom summary judgment has been entered." Maynard, 861 So.2d at 1206. It is the movant's burden to prove the nonexistence of genuine issues of material fact, "and the burden of proving the existence of such issues is not shifted to the opposing party until the movant has successfully met his burden." Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So.2d 1138, 1140 (Fla. 2d DCA 2000) (quoting Holl v. Talcott, 191 So.2d 40, 44 (Fla. 1966)). We recognized in Nard that "the merest possibility of the existence of a genuine issue of material fact precludes the entry of final summary judgment." Id. Then, "if there is no genuine issue of material fact, a summary judgment is proper only if the moving party is entitled to a judgment as a matter of law." Maynard, 861 So.2d at 1206.
The improper stacking of inferences may be an appropriate basis for the entry of summary judgment. See, e.g., Cohen v. Arvin, 878 So.2d 403 (Fla. 4th DCA 2004). With respect to the stacking of inferences, the Florida Supreme Court in Nielsen v. City of Sarasota, 117 So.2d 731, 733 (Fla.1960), explained that
if a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences.
See also Sch. Bd. of Broward County v. Beharrie, 695 So.2d 437 (Fla. 4th DCA 1997) (recognizing the rule in Nielsen and reversing, based on the improper stacking of inferences, a final judgment after jury trial). In discussing reasonable inferences, the supreme court has stated that "[w]e cannot overemphasize our use of the adjective `reasonable' as modifying the noun `inference.'" Voelker v. Combined Ins. Co. of Am., 73 So.2d 403, 406 (Fla. 1954). Thus, the issue is whether the Nursing Home, in moving for summary judgment, established that other reasonable inferences existed to compete with the reasonable inference that the Nursing *1275 Home staff's handling of Ms. Githens caused her fracture.
The depositions of Ms. Githens' caregivers at the Nursing Home reflect that none of them admitted to any knowledge of how the fracture had occurred, although the witnesses acknowledged that Ms. Githens was totally or almost totally dependent on staff care for ambulation, turning, and repositioning. An expert physician for the Estate, Dr. Williams, opined that the fracture likely resulted from the inappropriate handling of Ms. Githens by Nursing Home staff. The Nursing Home speculates that perhaps someone other than a staff member moved and injured Ms. Githens, but it points to nothing in the record reflecting that individuals other than staff members moved Ms. Githens in a manner that might have caused the injury. Further, although the Nursing Home suggests that perhaps Ms. Githens moved herself with sufficient force to cause the injury, again nothing in the record establishes that she could have done so.
We conclude that the Nursing Home has failed to sustain its heavy burden to prove the nonexistence of any genuine issues of material fact. The Nursing Home has failed to prove that its suggested competing inferences are reasonable inferences. As the law recognizes, "if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied." Nard, 769 So.2d at 1140. Therefore, we reverse the summary judgment and remand for further proceedings.
Reversed and remanded.
CASANUEVA and WALLACE, JJ., Concur.