S. S. Fire Ins. Co. v. Vann, *et al.*—Syllabus.

SOUTHERN STATES FIRE INSURANCE COMPANY, A CORPORA-
TION, *Appellant,* v. J. R. VANN, *et al., Appellees.*

Opinion Filed April 28, 1915.

1.  Even a provision that conditions printed in a policy of insur-
    ance shall not be waived except by agreement endorsed
    on the policy may itself be waived by the company through
    its agents, and such waiver may be implied by law from the
    conduct of the agent acting within the apparent scope of his
    authority.

2.  A provision in a fire insurance policy that the policy, unless
    otherwise provided by agreement endorsed thereon shall be
    void if the insured shall procure other contracts of insurance
    on the same property, is inserted for the benefit of the in-
    surer and may be waived.

3.  The clause in the fire insurance policy placing a limitation
    upon the power of any officer, agent, or other representative
    of the company in the waiver of any provision or condition
    in the policy does not supersede the law making the principal
    liable for the negligent, wrongful or fraudulent act of its
    agent, or the law of equitable estoppel, and this clause of
    limitation may itself be waived by the company through its
    agent acting within the apparent scope of his authority.

4.  An insurance company can not make its local agent the
    medium through which all the benefits of a policy flow from
    the insured to it, and then deny that the agent has authority
    to represent the company when the benefits of the insured
    are involved.

Appeal from Circuit Court for Taylor County; M. F.
Horne, Judge.

Order affirmed.

COCKRELL, J., dissents.

*W. T. Hendry* and *S. D. Clarke*, for Appellant;

*W. B. Davis,* for Appellees.

WHITFIELD, J.—This appeal is from an order overruling a demurrer to a bill of complaint which in effect alleges that a policy of insurance was issued on a certain store building for $400.00 and on a stock of merchandise for $2,500.00, by R. J. Patterson agent of the defendant company; that the property was destroyed by fire; "that the defendant fails and refuses to pay said policy and the amount of said loss and damage and to make good the same to your orators because and on account of the fact that the defendant claims that in and by said policy it is provided that the said policy, unless otherwise provided by agreement endorsed thereon, or added thereto should be void if the insured had at the time of the issuance of said policy or should thereafter make or procure any other contract of insurance whether valid or not, on property covered in whole or in part by said policy, and that there was no agreement endorsed on said policy or added thereto for any other insurance or for any concurrent insurance upon any of the property insured in and by said policy; that at the time of the execution of the said policy and of the issuance of the same by the said defendant and at the time of the acceptance of the said policy by the said G. C. Vann & Company and the payment of the premium on said policy by the said G. C. Vann & Company it was understood and agreed between said G. C. Vann & Company and the said R. J. Paterson, who was then and there the agent of and representing the said defendant, that concurrent insurance to the amount of $1500.00 could be secured and taken on the said stock of merchandise; that the said defendant issued the said policy with the

understanding and agreement that $1500.00 additional insurance should be taken and allowed on the said stock of merchandise and that the said policy allowed and permitted the same; that your orators thought and believed that the said insurance policy provided for and allowed the said additional insurance for the said J. R. Vann told the said R. J. Paterson at the time of taking the said policy and paying for the same that your orators, the said G. C. Vann & Company, wanted $1500 additional insurance on the said stock of merchandise and then and there requested that the said R. J. Paterson give them another policy for $1500.00, and the said R. J. Paterson then and there said and stated to your orators and to the said J. R. Vann that his company would not take any additional insurance on this stock of merchandise but that the goods were there and that other companies would take the said risk and insurance and for the said G. C. Vann & Company to go ahead and get the additional insurance to the amount of $1500.00 on the said stock of merchandise and that it would be perfectly alright and that the said policy issued by the said defendant was so issued as to permit and allow said additional insurance on said stock of merchandise to the amount of $1500.00; that through mistake and error upon the part of the said R. J. Paterson, there was no endorsement made upon said policy or attached thereto and there was no agreement thereon or added thereto by which the said additional insurance was allowed and permitted; that your orators were not familiar with insurance policies and the insurance business and did not read the said policy or examine the same and would not have understood the terms and provisions of said policy if they had read it as the said insurance policy is couched in numerous and divers technical terms and provisions which said terms and provi-

sions are in many instances difficult of construction by the courts; that your orators did not notice that the said policy had no provision for other insurance and did not read the said policy and observe that it had a provision rendering the policy void when other insurance was taken on the property unless an agreement permitting said insurance was endorsed on the policy or added thereto and your orators were wholly ignorant of such a provision and were wholly ignorant of the fact that no such provision was endorsed or added to the said policy and by the inadvertance, accident and mistake of the said R. J. Paterson and of the said R. J. Paterson & Company agents of the defendant, the said endorsement was left off of the said policy and no agreement was added thereto authorizing any additional insurance; that your orators relying upon the representation of the said agent of the said defendant and believing that the said policy would not be affected by additional insurance, thereafter, to-wit: On the 17th day of September, 1913, procured from the Atlas Assurance Company additional insurance on the said stock of merchandise to the amount of $1500.00 and that the said defendant now claims and pretends that the said additional insurance renders the said policy void; that the said defendant is estopped from setting up said defense and has waived the said defense; that the said defendant, knowing that your orators intended and expected to procure insurance and additional insurance upon said stock of merchandise, issued the said policy to your orators and accepted from orators the said premium for the said insurance, your orators believing at the time that the said insurance policy would not be affected by the procuring of additional insurance and that your orators relied upon and believed the statements and representations of the agent of the defendant that it would be

all right to procure additional insurance and that the said policy would not be affected thereby, paid to the said defendant the premium for the said policy with the understanding and agreement at the time that additional insurance to the amount of $1500.00 should be procured on the said stock of merchandise and that the same was permitted by the said policy and was satisfactory and reasonable to defendant." The prayer is for a reformation and enforcement of the policy.

Contained in the policy are the following provisions:

"This policy is made and accepted subject to the foregoing stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto; and no officer, agent or other representative of this company shall have power to waive such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part, by this policy."

On behalf of the appellant it is contended that by taking additional insurance without an agreement thereto endorsed on or added to the policy rendered the policy void under its own terms; and that by the terms of the policy such provision or condition and its effect could

not be waived unless such waiver "be written upon or attached" to the policy.

The valid provisions of an insurance policy are binding on the insured as well as the insurer unless the provisions are waived. Insurance policies are not executed under seal and are not required by law to be in writing. Provisions printed in an insurance policy for the benefit of the insurance company may in general be waived by the company through its agents, since the policy is subject to the law of agency and other applicable laws. Even a provision that conditions printed in the policy shall not be waived except by agreement endorsed on the policy may itself be waived by the company through its agents, and such waiver may be implied by law from the conduct of the agent acting within the apparent scope of his author-ity. Where the conduct of an agent acting within his apparent authority is such as to estop the principal from claiming the benefit of a provision of a written instrument, such estoppel is not a varying of the written instrument by parol, nor is it an abridgement of the right to con-tract. In such a case the conduct of the agent is in law the act of the principal which in law waives the right. Insurance corporations act only through officers and agents, and in general where a person procures an insur-ance policy executed and issued by an agent who receives the premiums thereon, who issues removal permits and receives premiums therefor, and who has authority to permit additional insurance and to endorse such permis-sion on the policy as the representative of the insurance company, the insured may regard the agent as having such authority as that his conduct may in law operate to estop the company from claiming the benefit of a pro-vision printed in the policy that it shall be void if addi-

tional insurance be procured, unless otherwise provided by agreement endorsed on or added to the policy, no question of *bona fides* be involved. Whether or not there is a waiver or an estoppel must be determined from the facts and circumstances of each case. Insurance policies are issued, for a consideration, to indemnify the insured, and the law does not favor forfeitures of policies of insurance, particularly where they are induced by the conduct of the agent representing the insurer. A provision in a fire insurance policy that the policy, unless otherwise provided by agreement endorsed thereon shall be void if the insured shall procure other contracts of insurance on the same property, is inserted for the benefit of the insurer and may be waived. The clause in the fire insurance policy placing a limitation upon the power of any officer, agent or other representative of the company in the waiver of any provision or condition in the policy does not supersede the law making the principal liable for the negligent, wrongful or fraudulent act of its agent, or the law of equitable estoppel, and this clause of limitation may itself be waived by the company through its agent acting within the apparent scope of his authority. Eagle Fire Ins. Co. v. Lewallen, 56 Fla. 246, 47 South. Rep. 947. An insurance company can not make its local agent the medium through which all the benefits of a policy flow from the insured to it, and then deny that he has authority to represent it when the benefits of the insured are involved. Indian River State Bank v. Hartford Fire Ins. Co., 46 Fla. 283, 35 South. Rep. 228; State Ins. Co. of Des Moines v. Taylor, 14 Colo. 499, 24 Pac. Rep. 333, 20 Am. St. Rep. 281.

The bill of complaint alleges that at the time of the execution, issuance and acceptance of the policy and the

payment of the premium thereon "it was understood and agreed between said G. C. Vann & Company and the said R. J. Paterson, who was then and there the agent of and representing the said defendant, that concurrent insur- ance to the amount of $1,500.00 could be secured and taken on the said stock of merchandise   *   and that the said policy allowed and permitted the same; that com- plainants believed that the said policy provided for and allowed the said additional insurance;   *   that R. J. Paterson   *   stated to complainants and to J. R. Vann that his company would not take any additional insurance on this stock of merchandise, but that the goods were there and that other companies would take the said risk and insurance and for the said G. C. Vann & Company to go ahead and get the additional insurance to the amount of $1,500.00 on the said stock of merchandise, and that it would be perfectly all right, and that said policy was so issued   *   as to permit and allow said additional insur- ance on said stock of merchandise to the amount of $1,500.00"; that complainants were not familiar with insurance policies and the insurance business did not read the said policy or examine the same and would not have understood the terms and provisions   *   if they had read it; that complainants did not know the provisions render- ing the policy void if other insurance be taken unless an agreement thereto be endorsed on or added to the policy or that there was no provision allowing other insurance; that complainants relying upon the representations of said agent and believing that the policy would not be affected by additional insurance, procured $1,500.00 additional insurance on the stock of merchandise; that by inadvert- ence and mistake, the endorsement allowing additional insurance "was left off of the said policy and no agree- ment was added thereto authorizing any additional insur-

ance." These and other allegations admitted by the demurrer, show that the complainants who, were not familiar with such matters, relied upon the representation of the agent and the defendant; and as the complainants were dealing with the agent as the representative of the corporation defendant, such corporation is bound by the representations where the insured in good faith acts on them in taking insurance. See Kister v. Lebanon Mutual Ins. Co., 128 Pa. St. 553, 18 Atl. Rep. 447, 15 A. St. Rep. 696; Germania Fire Ins. Co. v. Hick, 125 Ill. 361, 17 N. E. Rep. 792, 8 Am. St. Rep. 384; Barnes v. Hekla Fire Ins. Co., 75 Iowa 11, 39 N. W. Rep. 122, 9 Am. St. Rep. 450; Fitchner v. Fidelity Mut. Fire Ass'n., 103 Iowa 276, 72 N. W. Rep. 530. The clause in the policy used in stating the amount of additional insurance permitted was left blank, thus indicating that additional insurance was not forbidden, but apparently may have been contemplated by the policy as delivered. The mere fact that the insured did not take out the additional insurance for several months after the first policy was issued, does not affect the agreed terms under which it is alleged the first policy was delivered and accepted. See Southern States Fire Insurance Co. v. Vann, this day decided, as to relief by reformation and enforcement; Taylor v. Glen Falls Ins. Co., 44 Fla. 273, 32 South. Rep. 887. There is nothing to indicate that when the additional policy was taken out, it amounted to overinsurance.

There appears to be equity in the bill, and the order overruling the demurrer is affirmed.

TAYLOR, C. J., AND SHACKLEFORD AND ELLIS, JJ., concur.

COCKRELL, J., dissenting.

From the allegations of the bill it appears that when the policy sought to be reformed so as to permit additional insurance, the subject-matter of the insurance was valued at five thousand dollars, and that the insurance agent placed its insurable value at four thousand dollars, of which amount his principal *wrote* twenty-five hundred dollars; this was in January. In September fifteen hundred dollars of insurance was written in another company, and when the loss was incurred on November 2, the value of the property was less than four thousand. Of this additional insurance, admittedly over insurance, the appellant and its agent was in no wise advised.

It seems to the writer that one who seeks the aid of a court of equity under these conditions, should have something more to offer than his own negligence in failing to read the policy that had been in his possession eight months before the additional policy was taken out.