881 So.2d 646 (2004)
ORIX CAPITAL MARKETS, LLC, Appellant,
v.
PARK AVENUE ASSOCIATES, LTD., Grand Lagoon Associates, Ltd, and Governor's Square Associates, Ltd., Texas limited partnership, Appellees.
Park Avenue Associates, Ltd., Grand Lagoon Associates, Ltd, and Governor's Square Associates, Ltd., Texas limited partnership, Appellants,
v.
Orix Capital Markets, LLC, Appellee.
Nos. 1D03-2103, 1D03-2592.
District Court of Appeal of Florida, First District.
August 13, 2004.
Rehearing Denied September 15, 2004.
*647 Lee D. Mackson and Geoffrey L. Travis of Shutts & Bowen LLP, Miami, for Appellant.
Richard M. Zabak, Michael E. Riley, and Chanta G. Combs of Gray, Harris & Robinson, P.A., Tallahassee, for Appellees.
*648 ERVIN, J.
In these two cases, consolidated for the purpose of this opinion, Orix Capital Markets, LLC (lender), appeals from a final summary judgment in which the lower court ruled that Park Avenue Associates, et al. (borrowers), could recover late charges they paid on the unpaid principal balances of certain promissory notes, concluding that the notes required such charge only on each late monthly installment, and not on the substantial outstanding balances due at maturity. The borrowers separately appeal from the trial court's order denying their motion for costs and attorney fees, which they sought following the entry of summary judgment in their favor, challenging the lower court's determination that they could not be considered the prevailing parties in the litigation. We affirm the summary judgment, and reverse the order denying the motion for costs and fees, and remand the latter case with directions.
Each of the three disputed notes required the borrowers to pay the sums advanced to them "in consecutive monthly installments" in the same specified monthly amounts over the term of nearly seven years, "until the entire indebtedness evidenced hereby is fully paid, except that any remaining balance, if not sooner paid, shall be due and payable on January 1, 2002." A subsequent paragraph of each note provided that "[i]f any installment under this Note is received by the holder ... within ten (10) calendar days after the installment is due, the undersigned shall pay to the holder ... a late charge of five (5) percent of such installment." (Emphasis added.)
After the borrowers had defaulted on the final payment of each note, the lender commenced a mortgage foreclosure suit, which was settled by the borrowers paying off the outstanding sums in full, including the controverted late charges, as well as the lender's costs and attorney fees, while reserving their right to challenge the lender's entitlement to the charges on the principal balances. Orix then voluntarily dismissed the foreclosure suit with prejudice on May 6, 2002, and the borrowers, with the agreement of the lender, continued the litigation only as to the controversy over the service charges. The borrowers first raised the service-charge issue in an amended counterclaim, resulting in the entry of summary final judgment in their favor on April 22, 2003, a year after dismissal of the mortgage foreclosure suit. Based upon this recovery, the borrowers moved for costs and fees,[1] which, as stated, were denied on the theory they were not the prevailing parties.

I. The Appeal from the Summary Judgment
The lender's primary contention is that by allowing the borrowers to recover on their late-charge claim, the trial court erred in ignoring the plain meaning of the *649 words "any installment" in the notes, by construing the term to apply only to the consecutive, monthly installments. We cannot agree with this argument. In granting the borrowers' motion for summary judgment, the lower court made the following pertinent findings:
The late charge provisions of the subject notes expressly apply only to "installments" which plainly consist of the installments referenced in the opening paragraph of each note and not to the substantial balances due at maturity. See In re Brunswick Apartments of Trumbull County, Ltd., 169 F.3d 333, 335 (6th Cir.1999). That case involved a note which, like the notes in this case, provided for a 5% charge on unpaid "installments." The Sixth Circuit Court of Appeals found that it was "obvious that the note contemplates a service charge only on unpaid monthly installments." In addition, the notes in this case do not contain any references to the balances due at maturity as "installments" or as "final installments." Furthermore, although the lender could have included language imposing the late charges on any unpaid balance due at the maturity of the notes or on "any payment" not timely made, it did not do so.
In our judgment, the court's conclusion is affirmable, either on the theory explicitly stated by it that the language used in the notes clearly and unmistakably applies late charges only as to the consecutive monthly installments, which were payable in equal, specified amounts, or, if the terms employed were ambiguous, the ambiguity is required to be construed against the drafter of the instrument, who, in this case, was the lender's predecessor in interest. See Seifert v. U.S. Home Corp., 750 So.2d 633, 641 (Fla.1999).

II. The Appeal from the Order Denying Costs and Fees
In denying the motion for attorney's fees on the ground that the borrowers were not the prevailing parties in the litigation,[2] the trial court implicitly applied the "net judgment" rule. In "net judgment" cases the test for determining who is the prevailing party for purposes of an award of attorney's fees in a contract action turns on which of the parties recovered a judgment. See Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). In a later case, Prosperi v. Code, Inc., 626 So.2d 1360 (Fla.1993), the Florida Supreme Court cautioned against an inflexible application of the rule, and refined it further by making the following observations:
The fact that the claimant obtains a net judgment is a significant factor but it need not always control the determination of who should be considered the prevailing party. We hold that in considering whether to apply the net judgment rule, the trial judge must have the discretion to consider the equities and determine which party has in fact prevailed on the significant issues.
Id. at 1363.
By using the term "significant issues," the court must have contemplated its earlier rule authorizing an award of fees in regard to a separate and independent claim. In a case involving a multicount malpractice complaint involving separate claims, the court stated that "where each *650 claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each distinct claim is entitled to an award of attorney's fees for those fees generated in connection with that claim." See Folta v. Bolton, 493 So.2d 440, 442 (Fla.1986). Another factor to consider in assessing the separate character of a claim, in cases where both parties prevail on a portion of the claims in litigation, is that a determination should be made "`whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims.'" Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985).
Although Folta was a malpractice action, the rule there announced has been applied in other types of actions, including those for breach of contract. See Anglia Jacs & Co., Inc. v. Dubin, 830 So.2d 169, 171 (Fla. 4th DCA 2002). Based on our review of pertinent case law, we conclude that the resolution of the issue of whether the borrowers can be considered the prevailing parties on the late-charge claim turns on whether it can be deemed an independent action, and not an alternative theory of liability for the same wrong. If separate and distinct, the prevailing party on such claim is entitled to an award of attorney's fees.
In our judgment, a thorough analysis of this issue requires both a determination of whether the counterclaim asserting reimbursement of the late-charge payment is compulsory or permissive, and of the effect of the parties' stipulation on the counterclaim. If compulsory, meaning "it [is one] aris[ing] out of the transaction or occurrence that is the subject matter of the opposing party's claim," Florida Rule of Civil Procedure 1.170(a), the counterclaim cannot, in our judgment, be considered a claim independent from the suit in mortgage foreclosure. A primary consequence of a party's failure to assert a compulsory counterclaim is that such failure "constitutes a waiver of the [party's] right to recover on it." See Fla. R. Civ. P. 1.170(a), Author's Comment  1967. Moreover, the purpose behind the rigid application of the compulsory counterclaim rule should not be overlooked: "[T]o promote judicial efficiency by requiring defendants to raise claims arising from the same `transaction or occurrence' as the plaintiff's claim." Londono v. Turkey Creek, Inc., 609 So.2d 14, 19 (Fla.1992). On the other hand, a permissive counterclaim, one "not arising out of the transaction or occurrence," may either be asserted in the same action as a counterclaim, or by "separate action" on the claim. Id., Author's Comment  1967. In our judgment, if the borrowers' counterclaim can be deemed permissive, it must then be considered a separate and distinct claim that would support an award of attorney's fees.
As stated, the borrowers sought repayment of late charge expenses which was, in effect, a claim for recoupment, defined, among other things, as "[t]he recovery or regaining of something, esp. expenses." Black's Law Dictionary 1280 (7th ed.1999). In modern practice, the recoupment claim has been replaced by the compulsory counterclaim. In Maynard v. Household Finance Corp. III, 861 So.2d 1204 (Fla. 2d DCA 2003), a mortgage foreclosure suit was answered by a counterclaim, which the court characterized as a claim for fraud in the inducement or for breach of contract. The court considered that the counterclaim was essentially one for recoupment, stating: "A recoupment seeks to diminish or exceed the damages sought by the plaintiff." Id. at 1207. The court continued with the following observation: "Viewed as a breach of contract claim, the Mortgagor's *651 counterclaim was necessarily a compulsory counterclaim to HFC's foreclosure action based upon breach of the promissory note." Id.
The Florida Supreme Court has adopted the following test to determine whether a counterclaim can be deemed compulsory:
"[A] claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant."
Londono, 609 So.2d at 20 (quoting Neil v. S. Fla. Auto Painters, Inc., 397 So.2d 1160, 1164 (Fla. 3d DCA 1981)).
In our case, the borrowers' counterclaim, seeking recoupment of one of the items the lender had claimed in its suit  the late charge  clearly had a logical relationship to the original claim in that the same aggregate facts, i.e., the borrowers' default, served as the basis for the assertion of both claims. We therefore conclude that the counterclaim, if it had been brought as an independent action in the absence of the stipulation, would have been subject to dismissal, in that it obviously falls into the category of a compulsory counterclaim.
This conclusion does not, however, end our inquiry. As stated, in exchange for the borrowers' full satisfaction of all claims demanded by the lender, the parties agreed that the lender would dismiss its suit with prejudice and that the borrowers could pursue their rights "to contest the propriety of and seek recovery of the late charges." As a result of this agreement, the rules pertinent to compulsory counterclaims no longer applied, because any attempt by the lender to dismiss the later filed counterclaim on the ground that it was compulsory would have been subject to denial. See Landers v. Smith, 379 S.W.2d 884 (Mo.Ct.App.1964) (holding that the failure to assert a compulsory counterclaim in a prior action between the same parties does not preclude a compulsory counterclaim in a later action if the prior action was dismissed on a stipulation reserving the claim).
By the parties' agreements, the counterclaim effectively became permissive, or a distinct and separate claim.[3] Indeed, by agreeing that the borrowers could subsequently file their late-charge claim, the parties' stipulation also obviated the necessity for bringing a compulsory counterclaim in the same action as that of the opposing party, the purpose of which is to avoid a multiplicity of lawsuits arising from the same transaction or occurrence. Finally, the investigation and prosecution of the counterclaim, filed only after the voluntary dismissal of the plaintiff's suit, was entirely separate from the initial claim. Therefore, because the borrowers prevailed on their action for recoupment, they were entitled to an award of attorney fees.
The summary judgment in case no. 1D03-2103 is AFFIRMED, and the order denying costs and attorney's fees in case no. 1D03-2592 is REVERSED, and the case is REMANDED for further consistent proceedings.
WOLF, C.J., and VAN NORTWICK, J., concur.
NOTES
[1] The borrowers predicated their motion for attorney's fees and costs on the notes and on the reciprocal attorney's fee provision set forth in section 57.105(6), Florida Statutes (2002). The notes provide in pertinent part:

In the event of any default in the payment of this Note, and if the same is referred to an attorney at law for collection or any action at law or in equity is brought with respect hereto, the undersigned shall pay the holder hereof all expenses and costs, including but not limited to, attorney's fees.
Section 57.105(6), states in pertinent part:
If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that other party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
[2] In making such determination, the trial court apparently accepted the lender's argument, now advanced on appeal, that the borrowers could not be considered the substantially prevailing parties in the litigation because their recovery on the late-charge claim was less than five percent of the total sum which the lender recovered in its suit for mortgage foreclosure.
[3] The rule has long since been established that once a plaintiff's cause of action is dismissed, the counterclaim effectively becomes the original pleading in the case. See Fred Howland, Inc. v. Gore, 152 Fla. 781, 13 So.2d 303 (1942).