BENTON, J.
 

 Gary Ferguson appeals a final judgment exonerating Universal Property & Casualty Insurance Company (Universal) of any liability under a homeowners’ insurance policy it had issued him. In the wake of a house fire, Universal denied Mr. Ferguson’s claim for benefits, on grounds he had misrepresented his criminal history in his application for the policy. We find no irregularity or impropriety in the judgment insofar as it reflects the jury’s determination that Mr. Ferguson made the misrepresentation and that Universal would not have written the policy if it had known the truth.
 

 Mr. Ferguson also contended, however, that Universal, acting through a claims or field adjuster with full knowledge of his history (an arrest for driving under the influence of alcohol), had waived any right to deny coverage on account of his misrepresentation. On the waiver question, the trial court granted Universal’s
 
 motion for
 
 directed verdict. We reverse the judgment insofar as it rests on the directed verdict, and remand the case for further proceedings.
 

 “Granting a motion for directed verdict is ‘proper only if there was no evidence upon which a jury could find,’
 
 Leisure Resorts, Inc. v. Frank J. Rooney, Inc.,
 
 654 So.2d 911, 914 (Fla.1995), against the party for whom the verdict is directed.”
 
 White v. City of Waldo,
 
 659 So.2d 707, 708 (Fla. 1st DCA 1995).
 

 It is appropriate to direct a verdict for the defendant only when the evidence considered in its entirety and the reasonable inferences to be drawn therefrom fail to prove the plaintiffs case under the issues made by the pleadings.
 
 Golden v. Morris,
 
 Fla.1951, 55 So.2d 714.
 

 Hartnett v. Fowler,
 
 94 So.2d 724, 725 (Fla.1957).
 

 [A] party who moves for a directed verdict admits for the purpose of testing the motion the facts in evidence and in addition admits every reasonable and proper conclusion based thereon which is favorable to the adverse party.
 
 Dempsey-Vanderbilt Hotel v. Huisman,
 
 153 Fla. 800,15 So.2d 903 [1943],
 

 Id.
 
 ‘“In reviewing the propriety of the trial court’s directed verdict, this court must review the facts and inferences to be drawn in a light most favorable to appellant, the nonmoving party.’
 
 Gant v. Lucy Ho’s Bamboo Garden, Inc.,
 
 460 So.2d 499 (Fla. 1st DCA 1984).”
 
 White,
 
 659 So.2d at 708-09.
 

 In the present case there was evidence upon which the jury could reasonably have found that Universal clothed the adjuster with broad, apparent authority to act on its behalf in resolving Mr. Ferguson’s claim. We agree with the learned trial judge that no view of the evidence would support a finding of actual authority to waive the contractual rights in question: the contract between Universal and the adjuster, an independent contractor, did not give the adjuster the right to waive any of Universal’s rights.
 

 
 *1039
 
 But the jury could have found sufficient apparent authority.
 
 See Southern States Fire Ins. Co. v. Vann,
 
 69 Fla. 549, 68 So. 647, 648 (1915) (“Where the conduct of an agent, acting within his apparent authority, is such as to estop the principal from claiming the benefit of a provision of a written instrument, such estoppel is not a varying of the written instrument by parol, nor is it an abridgment of the right to contract. In such a case the conduct of the agent is in law the act of the principal which in law waives the right.”) (quoting
 
 Eagle Fire Co. v. Lewallen,
 
 56 Fla. 246, 47 So. 947, 957 (1908) (Whitfield, J., specially concurring)). Because the testimony was conflicting, the jury should have been permitted to decide whether the adjuster had apparent authority and whether his acts or omissions — after Mr. Ferguson disclosed to him the misrepresentation on the application for insurance — operated to waive Universal’s right to rescind the contract of insurance.
 

 Accordingly, we reverse the judgment insofar as it rests on the directed verdict, and remand for a new trial on waiver. On remand, Mr. Ferguson is not entitled to relitigate whether he failed to disclose on his application that he had been arrested for driving under the influence of alcohol in the past ten years or whether Universal would have written the policy if it had known. But he is entitled to have a jury decide whether the adjuster had apparent authority to waive Universal’s right to deny coverage on that basis, and whether he did so.
 

 Reversed and remanded, with directions.
 

 VAN NORTWICK and WETHERELL, JJ., concur.