PER CURIAM.
Regions Bank, Appellant, appeals an adverse final judgment on two counterclaims Sheila Cuny, Appellee, asserted in a foreclosure suit. Although Appellant raises multiple issues, we conclude that one issue merits reversal and write to address that point. Specifically, Appellant argues that it was entitled to a directed verdict on Appellee’s counterclaim for slander of title because the statute of limitations on that claim expired before it was filed and it was not a proper claim in recoupment. We agree. Accordingly, we reverse the portion of the appealed order awarding judgment to Appellee for slander of title and remand for entry of a judgment for Appellant on that claim.
Appellant instituted this suit in 2008 as a foreclosure of the first mortgage against Appellee’s home, which was recorded in 2003. Appellee asserted a counterclaim in recoupment for slander of title because Appellant had also recorded a second mortgage against the home in 2005, which Appellee claimed was void from its inception. It is undisputed that the statute of limitations had expired on Appellee’s claim for slander of title. The issue before the trial court, as argued in Appellant’s motion *330 for directed verdict, was whether Appellee could nevertheless bring the claim under a recoupment theory and avoid the statute of limitations. The trial court denied the motion for directed verdict, concluding that the claim for slander of title was a proper recoupment claim under the facts of this case.
We review the denial of Appellant’s motion for directed verdict de novo, viewing the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to Appellee as the non-moving party. Elliott v. Elliott, 58 So.3d 878, 880 (Fla. 1st DCA 2011). A motion for directed verdict should be granted if the nonmoving party would not be entitled to judgment under this -view of the evidence. See Ferguson v. Universal Prop. & Cas. Ins. Co., 46 So.3d 1037, 1038 (Fla. 1st DCA 2010).
A civil defendant may assert a counterclaim in recoupment to recover an affirmative judgment even though the claim would be barred as an independent cause of action under the statute of limitations. Maynard v. Household Fin. Corp. Ill, 861 So.2d 1204, 1207 (Fla. 2d DCA 2003) (citing Allie v. Ionata, 503 So.2d 1237, 1238-39 (Fla.1987)). “The distinguishing feature of a claim for recoupment is the same as a compulsory counterclaim — it must spring from the same transaction or occurrence as the underlying claim.” Id.; see also U.S. v. Morrison, 28 So.3d 94, 102 (Fla. 1st DCA 2009) (citing U.S. v. Timmons, 672 F.2d 1373, 1379-80 (11th Cir.1982)). This test is met if (1) “the same aggregate of operative facts serves as the basis of both claims” or (2) “the aggregate core facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.” Orix Capital Markets, LLC v. Park Ave. Assocs., Ltd., 881 So.2d 646, 651 (Fla. 1st DCA 2004) (quoting Londono v. Turkey Creek, Inc., 609 So.2d 14, 20 (Fla.1992)) (setting forth the test for determining when a counterclaim is compulsory).
Appellee’s claim of slander of title does not meet the recoupment test. She argued that her title was slandered not by the first mortgage, but the second. The first mortgage was recorded approximately two years before the second mortgage, and it was security for separate debt. Therefore, two distinct transactions were at issue. Moreover, the recording of the first mortgage did not create any right for Appellee to pursue a slander of title claim. No basis existed for that cause of action until the distinct second transaction occurred. For these reasons, Appellee is barred from recovering for her late-filed claim of slander of title. We reverse for entry of a judgment in favor of Appellant on that claim. In all other respects, we affirm.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
WOLF, ROBERTS, and RAY, JJ., concur.